SH Answer.doc F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EASYTEX CORPORATION LIMITED,  :   ECF CASE
  :
  :   07 CV 3907 (BAJ)
           Plaintiff,  :
  -against-  :   ANSWER OF DEFENDANT
  :   <u>SOON CHAN HONG</u>
PETER & FRANK OF NY, CORP., CHUL  :
KYU KIM a/k/a KIM CHUL KYU a/k/a  :   (Jury Demand)
CHUK CHUL KIM a/k/a ROBERT CHUL  :
KIM a/k/a CHUL KYOO KIM a/k/a  :
CHULKYOO KIM a/k/a KIM K. CHUL,  :
BARO SHIPPING CO., LTD., TOP TEN  :
TRANS, INC., GFA, INC., 3 WIN INC.,  :
MERCURY, AMERICAN INTERNATIONAL  :
LINE, INC., SOON CHAN HONG a/k/a  :
SOON C. HONG a/k/a SOONCHAN C.  :
HONG a/k/a SOON CHAN HONG a/k/a  :
CHAN S. HONG a/k/a HONG S. CHAN  :
a/k/a HONG SOON CHANG d/b/a  :
SOONCHAN HONG CUSTOM HOUSE BROKER,  :
STOP & STOR, jointly and severally,  :
  :
           Defendants.  :
  :
------------------------------------------------------------x

Carl E. Person, appearing on behalf of the Defendant, **Soon Chan Hong**, an individual [hereinafter referred to as "**Hong**" or "**Defendant**", sued herein as "Soon Chan Hong a/k/a Soon C. Hong a/k/a Soonchan C. Hong a/k/a Soon Chan Hong a/k/a Chan S. Hong a/k/a Hong S. Chan a/k/a Hong Soon Chang d/b/a Soonchan Hong Custom House Broker"], respectfully alleges as and for the Defendant's **Answer** to the Plaintiff's Complaint:

1.   ADMITS each of the allegations in the following paragraphs of the Complaint: 32, and 34.

1

2. DENIES each of the allegations relating to Hong in each of the following paragraphs of the Complaint: 95, 96, 97, 98, 113, 114, 116, 117, 118, 119, 120, 122, 123, 124, 125, 126, 127, 129, 130, 132, 133, and 134 and DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in said paragraphs.

3. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in each of the following paragraphs of the Complaint: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93.

4. Defendant repeats and realleges each of the allegations in the preceding paragraphs as to the following paragraphs of the Complaint: 38 (as to paragraphs 1-37); 94 (as to paragraphs 1-93); 112 (as to paragraphs 1-111); 115 (as to paragraphs 1-114); 121 (as to paragraphs 1-120); 128 (as to paragraphs 1-129-130) and 131 (as to paragraphs 132-134).

5. Defendant is not required to plead to the following paragraphs of the Complaint: 99-104 (Count II - as to Peter & Frank and Kim); 105-108 (Count III - as to Baro Shipping and Baro Shipping's U.S. Agents); 109-111 (Count IV - as to Peter & Frank and Kim); but if any of these paragraphs apply to Defendant Hong, each of the allegations in such paragraphs are DENIED.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

6. The Plaintiff fails to state a claim against Hong upon which any relief may be granted.

### Second Affirmative Defense – No Liability as to Hong's Role in Transaction(s)

7. Defendant Hong has no liability to the Plaintiff as to Hong's role in the alleged transaction(s). None of the goods at issue ever came into Hong's possession. Hong's only dealings were with and for Defendant American International Line, Inc.

### Third Affirmative Defense - Claims against Hong Are Frivolous

8. The claims against Hong are frivolous.

### Fourth Affirmative Defense - Unclean Hands

9. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense - Hong Acted Lawfully

10. Hong acted lawfully without any malicious motive and did not intend or conspire to bring about any injury to the Plaintiff.

### Sixth Affirmative Defense - Barred by Estoppel

11. Plaintiff's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense - Barred by Laches

12. Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense - Hong Was Not a Party to Contract

13. Plaintiff's claims against Hong are barred because Hong was not a party to any contract with the Plaintiff. None of the goods at issue ever came into Hong's possession. Hong's only dealings were with and for Defendant American International Line, Inc.

WHEREFORE, Defendant Hong respectfully requests that the claims and action against Hong be dismissed in their entirety, with costs and attorneys' fees.

### Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         July 5, 2007

_____
Carl E. Person  (CP 7637)
Attorney for the Defendant, Soon Chan Hong
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EASYTEX CORPORATION LIMITED,  :  ECF CASE
                              :
                              :  07 CV 3907 (BAJ)
            Plaintiff,        :
    -against-                 :  PROOF OF SERVICE
                              :
PETER & FRANK OF NY, CORP., et al., :
                              :
            Defendants.       :
                              :
-----------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 5, 2007, I served a true copy of the foregoing

                **ANSWER OF DEFENDANT SOON CHAN HONG**

dated July 5, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

   Chull S. Park, Esq.
   Hyun Suk Choi, Esq.
   The Park Law Group, LLC
   23 S. Warren Street - 2nd Floor
   Trenton NJ  08608


Dated: New York, New York
       July 5, 2007

                                    By _____
                                       Carl E. Person (CP 7637)

5