SH2_Answer.doc F2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EASYTEX CORPORATION LIMITED,

                       Plaintiff,

-against-

PETER & FRANK OF NY. CORP., CHUL
KYU KIM a/k/a KIM CHUL KYU a/k/a
CHUK CHUL KIM a/k/a ROBERT CHUL
KIM a/k/a CHUL KYOO KIM a/k/a
CHULKYOO KIM a/k/a KIM K. CHUL,
BARO SHIPPING CO., LTD., TOP TEN
TRANS, INC., GFA, INC., 3 WIN INC.,
MERCURY, AMERICAN INTERNATIONAL
LINE, INC., SOON CHAN HONG a/k/a
SOON C. HONG a/k/a SOONCHAN C.
HONG a/k/a SOON CHAN HONG a/k/a
CHAN S. HONG a/k/a HONG S. CHAN
a/k/a HONG SOON CHANG d/b/a
SOONCHAN HONG CUSTOM HOUSE BROKER,
STOP & STOR, jointly and severally,

                       Defendants.
-----------------------------------------------------------X

ECF CASE

07 CV 3907 (BSJ)

ANSWER OF DEFENDANT
AMERICAN INTERNATIONAL
LINES, INC. (d/b/a MERCURY)

(Jury Demand)

      Carl E. Person, appearing on behalf of the Defendant, **American International Lines, Inc.**, also, sued herein under its trade name "**Mercury**" (hereinafter, the "American" or "Defendant"), respectfully alleges as and for American's **Answer** to the Plaintiff's Complaint:

      1.      ADMITS each of the allegations in the following paragraphs of the Complaint: 26, 28, 29 and 31.

      2.      DENIES each of the allegations relating to American in each of the following paragraphs of the Complaint: 89, 90, 95, 96, 97, 98, 113, 114, 116, 117, 118, 119, 120, 122, 123,

1

124, 125, 126, 127, 129, 130, 132, 133, and 134 and DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in said paragraphs.

3. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in each of the following paragraphs of the Complaint: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 93.

4. Defendant repeats and realleges each of the allegations in the preceding paragraphs as to the following paragraphs of the Complaint: 38 (as to paragraphs 1-37); 94 (as to paragraphs 1-93); 112 (as to paragraphs 1-111); 115 (as to paragraphs 1-114); 121 (as to paragraphs 1-120); 128 (as to paragraphs 1-129-130) and 131 (as to paragraphs 132-134).

5. American is not required to plead to the following paragraphs of the Complaint: 99-104 (Count II - as to Peter & Frank and Kim); 105-108 (Count III - as to Baro Shipping and Baro Shipping's U.S. Agents); 109-111 (Count IV - as to Peter & Frank and Kim); but if any of these paragraphs apply to American, each of the allegations in such paragraphs is DENIED.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

6. The Plaintiff fails to state a claim against American upon which any relief may be granted.

### Second Affirmative Defense – No Liability as to American's Role in the Transaction(s)

7. American has no liability to the Plaintiff as to American's role in the alleged transaction(s). None of the goods at issue ever came into American's possession. American's only dealings were with Defendants Peter & Frank of NY, Corp. and 3 Win. Inc.

### Third Affirmative Defense - Claims against American Are Frivolous

8. The claims against American are frivolous.

### Fourth Affirmative Defense - Unclean Hands

9. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense - American Acted Lawfully

10. American acted lawfully without any malicious motive and did not intend or conspire to bring about any injury to the Plaintiff.

### Sixth Affirmative Defense - Barred by Estoppel

11. Plaintiff's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense - Barred by Laches

12. Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense - American Was Not a Party to the Contract

13. Plaintiff's claims against American are barred because American was not a party to any contract with the Plaintiff. None of the goods at issue ever came into American's possession. American's only dealings were with Defendants Peter & Frank of NY, Corp. and 3 Win, Inc.

WHEREFORE. American respectfully requests that the claims and action against them it be dismissed in their entirety. with costs and attorneys' fees.

## Jury Demand

American hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        July 11, 2007

*[signature: Carl E. Person]*

Carl E. Person  (CP 7637)
Attorney for Defendant, American
   International Lines, Inc. (also sued herein
   under its trade name "Mercury")
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EASYTEX CORPORATION LIMITED,                : ECF CASE
                                            :
                          Plaintiff,        : 07 CV 3907 (BSJ)
         -against-                          :
                                            : PROOF OF SERVICE
PETER & FRANK OF NY, CORP., et al.,         :
                                            :
                          Defendants.       :
                                            :
-----------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 5, 2007, I served a true copy of the foregoing

ANSWER OF DEFENDANT AMERICAN
INTERNATIONAL LINES, INC. (d/b/a MERCURY)

dated July 11, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

> Chull S. Park, Esq.
> Hyun Suk Choi, Esq.
> The Park Law Group, LLC
> 23 S. Warren Street - 2nd Floor
> Trenton NJ  08608

Dated: New York, New York
       July 11, 2007

                                        By _____
                                           Carl E. Person (CP 7637)

5