SH2_Answer_to_Amended_Complaint.doc F2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                                                        :
**EASYTEX CORPORATION LIMITED,**                                        :     ECF CASE
                                                                        :
                                                                        :     07 CV 3907 (BSJ)
                        **Plaintiff,**                                  :
        -against-                                                       :     ANSWER TO FIRST AMENDED
                                                                        :     VERIFIED COMPLAINT-- BY
**PETER & FRANK OF NY, CORP., CHUL**                                    :     DEFENDANT AMERICAN
**KYU KIM a/k/a KIM CHUL KYU a/k/a**                                    :     INTERNATIONAL
**CHUK CHUL KIM a/k/a ROBERT CHUL**                                     :     LINE, INC. (d/b/a Mercury)   .
**KIM a/k/a CHUL KYOO KIM a/k/a**                                       :
**CHULKYOO KIM a/k/a KIM K. CHUL,**                                     :     **(Jury Demand)**
**BARO SHIPPING CO., LTD., TOP TEN**                                    :
**TRANS, INC., GFA, INC., 3 WIN INC.,**                                 :
**MERCURY, AMERICAN INTERNATIONAL**                                     :
**LINE, INC., SOON CHAN HONG a/k/a**                                    :
**SOON C. HONG  a/k/a SOONCHAN C.**                                     :
**HONG a/k/a SOON CHAN HONG a/k/a**                                     :
**CHAN S. HONG a/k/a HONG S. CHAN**                                     :
**a/k/a HONG SOON CHANG d/b/a**                                         :
**SOONCHAN HONG CUSTOM HOUSE**                                          :
**BROKER, STOP  & STOR, NEXXON**                                        :
**TRADING, INC., SOLUTION USA, INC.,**                                  :
**GAVIN FASHION, INC., KOREA**                                          :
**EXPRESS USA, JKM USA, CORP.,**                                        :
**WESTY STORAGE CENTERS, jointly and severally,** :
                                                                        :
                        **Defendants.**                                 :
                                                                        :
------------------------------------------------------------------------x

Carl E. Person, appearing on behalf of the Defendant, **American International Line, Inc.**, also, sued herein under its trade name "**Mercury"** (hereinafter, "American" or "Defendant"), respectfully alleges as and for American's **Answer** to the Plaintiff's First Amended Verified Complaint filed June 3, 2008 (hereinafter, the "Complaint"):

1.      ADMITS each of the allegations in ¶ 1 of the Complaint.

1

2. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint.

3. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 3 of the Complaint.  Defendant is unable to determine if diversity exists because of the lack of any address in the United States for the Plaintiff, or because the Plaintiff could have a principal place of business in a state in the United States which is represented by one or more of the Defendants.

4. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 4 of the Complaint as to the claims against the Defendant.

5. DENIES each of the allegations in ¶ 2 of the Complaint. The Eastern District would have been appropriate, where Defendant has its offices and conducted its business.

6. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 6 of the Complaint.

7. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 7 of the Complaint.  Peter & Frank seems to be out of business at this time.

8. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.  Peter & Frank seems to be out of business at this time.

9. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.  Peter & Frank seems to be out of business at this time.

10. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.  Peter & Frank seems to be out of business at this time.

11. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 17 of the Complaint.

18. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint.

19. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint.

21. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 21 of the Complaint.

22. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint.

23. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint.

24. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 24 of the Complaint.

25. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26. DENIES each of the allegations in ¶ 26 of the Complaint except ADMITS that Mercury is a name under which American is doing business. Mercury is not a separate entity. American's address is 147-38 182nd Street, Jamaica, NY 11413.

27. DENIES each of the allegations in ¶ 27 of the Complaint except ADMITS that Mercury is a name under which American is doing business.

28. DENIES each of the allegations in ¶ 28 of the Complaint except ADMITS that Mercury is a name under which American is doing business.

29. ADMITS each of the allegations in ¶ 29 of the Complaint except DENIES that Defendant's business is located at the alleged address. See ¶ 26 above.

30. DENIES each of the allegations in ¶ 30 of the Complaint except ADMITS that American was retained as a forwarding agent and that American never had possession or title to any of the goods at issue in this litigation. American's acts were ministerial, for which American received or should have received a fee of $50 per container or $350 for 7 containers.

31. DENIES each of the allegations in ¶ 31 of the Complaint except ADMITS that American is a forwarding agent and that American does not take possession or title of goods.

32. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 32 of the Complaint.

33.     DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 33 of the Complaint, except ADMITS that Mr. Hong was retained to provide services as to customs clearance for at least part of the goods involved.

34-55.  DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶¶ 34-55 of the Complaint.

56.     Defendant repeats and realleges the allegations in the preceding paragraphs (1-55) as though set forth at length herein.

57-71.  DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶¶ 57-71 of the Complaint.

72.     DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 72 of the Complaint, except DENIES that American is one of "Baro Shipping's U.S. Agents" as defined by the Plaintiff in ¶ 72 of the Complaint.

73-103. DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶¶ 73-103 of the Complaint.

104.    DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 104 of the Complaint.

105.    DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 105 of the Complaint.

106.    DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 106 of the Complaint, except ADMITS that American (Mercury) retained Mr. Hong to obtain assistance with certain United States customs clearance matters.

107.    DENIES each of the allegations in ¶ 107 of the Complaint to the effect that American, Mercury or Hong improperly released all or any part of the Goods or received all or any

part of the Goods, and DENIES having information sufficient to form a belief as to the truth or falsity of each of the other allegations in ¶ 107 of the Complaint.

    108.    DENIES each of the allegations in ¶ 108 of the Complaint to the effect that American, Mercury or Hong sold or transferred all or any part of the Goods to anyone, and DENIES having information sufficient to form a belief as to the truth or falsity of each of the other allegations in ¶ 108 of the Complaint.

    109.    DENIES each of the allegations in ¶ 109 of the Complaint to the extent that it is alleged that all or any part of the Goods were released to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of each of the other allegations in ¶ 109 of the Complaint.

    110-114.    DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶¶ 110-114 of the Complaint.

**[Plaintiff's Heading]    COUNT I: MISDELIVERY OF CARGO
                    AS TO ALL DEFENDANTS**

    115.    Defendant repeats and realleges the allegations in the preceding paragraphs (1-114) as though set forth at length herein.

    116-119.    DENIES each of the allegations in ¶¶ 116-119 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 116-119 of the Complaint.

**[Plaintiff's Heading]    COUNT II:  BREACH OF CONTRACT AS TO
                    PETER & FRANK AND KIM**

    120.    Defendant repeats and realleges the allegations in the preceding paragraphs (1-119) as though set forth at length herein.

121-125.   DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶¶ 121-125 of the Complaint.

**[Plaintiff's Heading]   <u>COUNT III:   BREACH OF CONTRACT AS TO
                         BARO SHIPPING AND BARO SHIPPING'S U.S. AGENTS</u>**

126.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-125) as though set forth at length herein.

127-129.   DENIES each of the allegations in ¶¶ 127-129 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 127-129 of the Complaint.

**[Plaintiff's Heading]   <u>COUNT IV:   UNJUST ENRICHMENT AS TO
                          PETER & FRANK AND KIM</u>**

130.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-129) as though set forth at length herein.

131-132.   DENIES each of the allegations in ¶¶ 131-132 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 131-132 of the Complaint.

**[Plaintiff's Heading]   <u>COUNT V:   CONVERSION AS TO
                          ALL DEFENDANTS</u>**

133.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-132) as though set forth at length herein.

134-135.   DENIES each of the allegations in ¶¶ 134-135 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 134-135 of the Complaint.

**[Plaintiff's Heading]   COUNT VI:   NEGLIGENCE AS TO
ALL DEFENDANTS**

136.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-135) as though set forth at length herein.

136-141.   DENIES each of the allegations in ¶¶ 136-141 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 136-141 of the Complaint.

**[Plaintiff's Heading]   COUNT VII:   FRAUD AS TO
BARO SHIPPING, BARO SHIPPING'S U.S. AGENTS,
PETER & FRANK, KIM, 3 WIN, MERCURY AND HONG**

142.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-141) as though set forth at length herein.

143-148.   DENIES each of the allegations in ¶¶ 143-148 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 143-148 of the Complaint.

**[Plaintiff's Heading]   COUNT VIII:   CIVIL CONSPIRACY AS TO
ALL DEFENDANTS**

149.   Defendant repeats and realleges the allegations in the preceding paragraphs (1-148) as though set forth at length herein.

150-151. DENIES each of the allegations in ¶¶ 150-151 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 150-151 of the Complaint.

**[Plaintiff's Heading]     COUNT IX:   PUNITIVE DAMAGES AS TO
BARO SHIPPING, BARO SHIPPING'S U.S. AGENTS,
PETER & FRANK, KIM, 3 WIN, MERCURY AND HONG**

152. Defendant repeats and realleges the allegations in the preceding paragraphs (1-151) as though set forth at length herein.

153-155. DENIES each of the allegations in ¶¶ 153-155 of the Complaint to the extent the allegations refer to American, Mercury or Hong, and DENIES having information sufficient to form a belief as to the truth or falsity of the other allegations in ¶¶ 153-155 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

156. The Plaintiff fails to state a claim against American upon which any relief may be granted.

### Second Affirmative Defense – No Liability as to American's Role in the Transaction(s)

157. American has no liability to the Plaintiff as to American's role in the alleged transaction(s). None of the goods at issue ever came into American's possession. American's only dealings were with Defendants Peter & Frank of NY, Corp., 3 Win, Inc. and Hong.

### Third Affirmative Defense - Claims against American Are Frivolous

158. The claims against American are frivolous.

### Fourth Affirmative Defense - Unclean Hands

159. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense - American Acted Lawfully

160. American acted lawfully without any malicious motive and did not intend or conspire to bring about any injury to the Plaintiff.

### Sixth Affirmative Defense - Barred by Estoppel

161. Plaintiff's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense - Barred by Laches

162. Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense - American Was Not a Party to the Contract

163. Plaintiff's claims against American are barred because American was not a party to any contract with the Plaintiff. None of the goods at issue ever came into American's possession. American's only dealings were with Defendants Peter & Frank of NY, Corp. and 3 Win, Inc.

### Ninth Affirmative Defense – Failure to Join Required Party[ies]

164. Plaintiff's claims are barred by the Plaintiff's failure to join one or more required or indispensable parties including Baro Shipping Co., Ltd.

### Tenth Affirmative Defense – Defendant's Liability is Limited to $50 Per Container

165. Plaintiff's claims are barred to the extent they exceed a $50 limitation on liability as to each container pursuant to contract and industry custom and usage.

### Eleventh Affirmative Defense – Defendant Owed No Duty to the Plaintiff

166. Plaintiff's claims are barred because the Defendant owed no duty to the Plaintiff.

**Twelfth Affirmative Defense – Misuse of Litigation and Unjust Enrichment – Using Litigation against Defendants Having No Liability to Coerce Settlements and Obtain Continuing Discovery at Defendants' Expense**

167.  Plaintiff's claims are barred because the Plaintiff is clearly misusing litigation by suing numerous defendants [with no known connection to the Plaintiff's alleged losses] that have no liability to the Plaintiff, for the purposes of (i) coercing settlements; (ii) obtaining low-cost and continuing discovery against the Defendants; and (iii) hoping that somehow, if the Plaintiff keeps this case open long enough, the Plaintiff and its attorneys will find someone to blame for Plaintiff's losses other than the obvious Defendants with whom the Plaintiff contracted.

**Thirteenth Affirmative Defense – Failure to Plead Fraud with Requisite Particularity**

168.  Plaintiff's fraud claims should be dismissed for failure to plead them with the requisite particularity.  See Count VII.

**Fourteenth Affirmative Defense – No Liability for Civil Conspiracy**

169.  Plaintiff's claims in Count VIII alleging a "civil conspiracy" should be dismissed as having no basis in law.

**Fifteenth Affirmative Defense – No Basis for Punitive Damages**

170.  Plaintiff's claims in Count IX alleging a claim for punitive damages should be dismissed as having no basis in law, and because punitive damages itself is not a cause of action.

**WHEREFORE**, American respectfully requests that the claims and action against them it be dismissed in their entirety, with costs and attorneys' fees.

### Jury Demand

American hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Dated:** **New York, New York**
        **June 26, 2008**

*/s/ Carl E. Person/*
_____

**Carl E. Person   (CP  7637)**
**Attorney for Defendant, American**
   **International Line, Inc. (also sued herein**
   **under its trade name "Mercury")**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing

**ANSWER TO FIRST AMENDED VERIFIED COMPLAINT-- BY
DEFENDANT AMERICAN INTERNATIONAL LINE, INC. (d/b/a Mercury)**

was served on the attorney for Plaintiff by causing the same to be delivered by first class mail, postage pre-paid to:

    Chull S. Park, Esq.
    Hyun Suk Choi, Esq.
    The Park Law Group, LLC
    23 S. Warren Street - 2nd Floor
    Trenton NJ   08608

    Patrick J. Maloney, Esq.
    Law Offices of Patrick J. Maloney    (no longer at Bruckman and Victory)
    90 Broad Street - Suite 2202
    New York NY  10004

    Hendrick Vandamme, Esq.
    Law Offices of Patrick J. Maloney
    90 Broad Street – Suite 2202
    New York NY  10004

    David Yita Loh, Esq.
    Cozen O'Conner
    45 Broadway Atrium – Suite 1600
    New York NY  10006

    Henry P. Gonzalez, Esq.
    Rodriguez O'Donnell Gonzalez & Williams, P.C.
    1211 Connecticut Avenue, N.W. – Suite 800
    Washington DC  20036

An electronic copy was also forwarded via email to the above counsel at:

**cpark@theparklawgroup.com; hchoi@theparklawgroup.com**; patmal@safeco.com**; dloh@cozen.com; henvan@safeco.com; and gonzalez@rorfgw.com**

**Dated:   June 26, 2008**

*[signature: Carl E. Person]*

_____
          **Carl E. Person  (CP 7637)**