Jeffrey S. Stephens, P.C. (JSS9212)
Attorney for Westy Storage Centers
14 Duncan Drive
Greenwich, CT 06831

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EASYTEX CORPORATION LIMITED, : | **Index No. 07-CV-03907-BSJ** |
| Plaintiff, : | |
| -against- : | **VERIFIED ANSWER TO FIRST AMENDED COMPLAINT** |
| PETER & FRANK OF NY, CORP., CHUL KYU : KIM a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a : CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPIN CO., LTD, TOP TEN TRANS, INC., : GFA INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN : HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHANGE HONG a/k/a : CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG : CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, : INC., GAVIN FASHION INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE : CENTERS, jointly and severally | |
| Defendants : | |

---

Defendant, Hicksville Project, LLC, sued herein as WESTY STORAGE CENTERS, by its attorney Jeffrey S. Stephens, as and for its Verified Answer to the First Amended Complaint in this action, alleges as follows:

1

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the First Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the First Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the First Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the First Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the First Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the First Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the First Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the First Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the First Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the First Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the First Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the First Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the First Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the First Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the First Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the First Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the First Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the First Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the First Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the First Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the First Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the First Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the First Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the First Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the First Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the First Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the First Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the First Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the First Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the First Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the First Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the First Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the First Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the First Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the First Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the First Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the First Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the First Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the First Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the First Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the First Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the First Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the First Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the First Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the First Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the First Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the First Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the First Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the First Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the First Amended Complaint.

53. Denies the allegations contained in paragraph 53 of the First Amended Complaint.

54. Denies the allegations contained in paragraph 54 of the First Amended Complaint, except admits that Hicksville Project, LLC does business as a self-storage center under the name "Westy".

55. Denies the allegations contained in paragraph 54 of the First Amended Complaint, except admits that Hicksville Project, LLC does business as a self-storage center in the State of New York under the name "Westy".

56. Repeats and realleges the answers given to paragraphs 1 through 55 of the First Verified Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the First Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the First Amended Complaint.

59. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the First Amended Complaint.

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the First Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the First Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the First Amended Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the First Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the First Amended Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the First Amended Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the First Amended Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the First Amended Complaint.

68. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the First Amended Complaint.

69. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the First Amended Complaint.

70. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the First Amended Complaint.

71. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the First Amended Complaint.

72. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the First Amended Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the First Amended Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the First Amended Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the First Amended Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the First Amended Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the First Amended Complaint.

78. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the First Amended Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the First Amended Complaint.

80. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the First Amended Complaint.

81. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the First Amended Complaint.

82. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the First Amended Complaint.

83. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the First Amended Complaint.

84. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the First Amended Complaint.

85. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the First Amended Complaint.

86. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the First Amended Complaint.

87. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the First Amended Complaint.

88. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the First Amended Complaint.

89. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the First Amended Complaint.

90. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 90 of the First Amended Complaint.

91. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91 of the First Amended Complaint.

92. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 92 of the First Amended Complaint.

93. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 93 of the First Amended Complaint.

94. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 94 of the First Amended Complaint.

95. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 95 of the First Amended Complaint.

96. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of the First Amended Complaint.

97. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 97 of the First Amended Complaint.

98. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 98 of the First Amended Complaint.

99. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 99 of the First Amended Complaint.

100. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100 of the First Amended Complaint.

101. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101 of the First Amended Complaint.

102. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102 of the First Amended Complaint.

103. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 103 of the First Amended Complaint.

104. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 of the First Amended Complaint.

105. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the First Amended Complaint.

106. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 106 of the First Amended Complaint.

107. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107 of the First Amended Complaint.

108. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 108 of the First Amended Complaint, except denies the allegations made with respect to Westy.

109. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 109 of the First Amended Complaint.

110. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 110 of the First Amended Complaint.

111. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 111 of the First Amended Complaint.

112. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 112 of the First Amended Complaint.

113. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 113 of the First Amended Complaint.

114. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 114 of the First Amended Complaint, except denies the allegations made with respect to Westy.

## ANSWER TO COUNT I

115. Repeats and realleges the answers given to paragraphs 1 through 114 of the First Verified Complaint.

116. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 116 of the First Amended Complaint, except denies the allegations made with respect to Westy.

117. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 117 of the First Amended Complaint, except denies the allegations made with respect to Westy.

118. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 118 of the First Amended Complaint, except denies the allegations made with respect to Westy.

119.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 of the First Amended Complaint, except denies the allegations made with respect to Westy.

### ANSWER TO COUNT II

120.   Repeats and realleges the answers given to paragraphs 1 through 119 of the First Verified Complaint.

121.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 121 of the First Amended Complaint.

122.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 122 of the First Amended Complaint.

123.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 123 of the First Amended Complaint.

124.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 124 of the First Amended Complaint.

125.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 125 of the First Amended Complaint.

### ANSWER TO COUNT III

126.   Repeats and realleges the answers given to paragraphs 1 through 125 of the First Verified Complaint.

127.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 of the First Amended Complaint.

128. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128 of the First Amended Complaint.

129. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 129 of the First Amended Complaint.

### ANSWER TO COUNT IV

130. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 130 of the First Amended Complaint.

131. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 of the First Amended Complaint.

132. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 132 of the First Amended Complaint.

### ANSWER TO COUNT V

133. Repeats and realleges the answers given to paragraphs 1 through 132 of the First Verified Complaint.

134. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 134 of the First Amended Complaint, except denies the allegations made with respect to Westy.

135. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 135 of the First Amended Complaint, except denies the allegations made with respect to Westy.

14

## ANSWER TO COUNT VI

136. Repeats and realleges the answers given to paragraphs 1 through 135 of the First Verified Complaint.

137. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 137 of the First Amended Complaint, except denies the allegations made with respect to Westy.

138. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the First Amended Complaint, except denies the allegations made with respect to Westy.

139. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 of the First Amended Complaint, except denies the allegations made with respect to Westy.

140. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 140 of the First Amended Complaint, except denies the allegations made with respect to Westy.

141. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 141 of the First Amended Complaint, except denies the allegations made with respect to Westy.

## ANSWER TO COUNT VII

142. Repeats and realleges the answers given to paragraphs 1 through 141 of the First Verified Complaint.

143. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 143 of the First Amended Complaint.

144. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 144 of the First Amended Complaint.

145. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 145 of the First Amended Complaint.

146. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 146 of the First Amended Complaint.

147. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147 of the First Amended Complaint.

148. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148 of the First Amended Complaint.

## ANSWER TO COUNT VIII

149. Repeats and realleges the answers given to paragraphs 1 through 148 of the First Verified Complaint.

150. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 150 of the First Amended Complaint, except denies the allegations made with respect to Westy.

151. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 151 of the First Amended Complaint, except denies the allegations made with respect to Westy.

## ANSWER TO COUNT IX

152. Repeats and realleges the answers given to paragraphs 1 through 151 of the First Verified Complaint.

153. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 153 of the First Amended Complaint.

154. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 154 of the First Amended Complaint.

155. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 155 of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

156. The First Amended Complaint fails to state a cause of action upon which relief can be granted against this Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

157. Any damages alleged to have been suffered by Plaintiff were caused, in whole or in part, by the contributory negligence of the Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

158. This Defendant, a self-storage facility, was never in receipt or possession of any of the goods alleged to have been owned by Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE AND FIRST COUNTER-CLAIM

159. The claims brought by Plaintiff against this Defendant are frivolous and sanctionable.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS

160. If Plaintiff recovers against this Defendant then this Defendant shall be entitled to indemnity and contribution for the full amount of any such judgment from all other Defendants.

### AS AND FOR AN ANSWER TO THE CROSS-CLAIMS OF CO-DEFENDANTS

161. This Defendant denies the allegations contained in all cross-claims interposed against this Defendant.

162. This Defendant, a self-storage facility, was never in receipt or possession of any of the goods alleged to have been owned by Plaintiff.

Dated: July 24, 2008

        DEFENDANT
        Hicksville Project, LLC
        sued herein as WESTY STORAGE CENTERS

        By _____

        Jeffrey S. Stephens (JSS9212)
        14 Duncan Drive
        Greenwich, CT 06831
        Telephone: 203/531-5800
        Fax: 203/531-1417

TO:    ALL COUNSEL FO RECORD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK         :
                            ss.:
COUNTY OF WESTCHESTER     :

    I, Jeffrey S. Stephens, being an attorney duly admitted to practice in this Court, represent the Defendant named as Westy Storage Centers herein.

    I have read the annexed Answer and know the contents thereof and the same are true to my knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    The grounds of my knowledge and belief are review of documents and interviews of my client and others.

    The reason I make this affirmation instead of Defendant, is that Defendant does not have an office in the Southern District of New York.

    I affirm that the foregoing statements are true under penalties of perjury.

Dated: July 24, 2008

                                                                                                                                    Jeffrey S. Stephens

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EASYTEX CORPORATION LIMITED,    :    Index No. 07-CV-03907-BSJ

                Plaintiff,    :

  -against-    :

PETER & FRANK OF NY, CORP., CHUL KYU    :
KIM a/k/a CHUK CHUL KIM a/k/a ROBERT
CHUL KIM a/k/a CHUL KYOO KIM a/k/a    :
CHULKYOO KIM a/k/a KIM K. CHUL, BARO
SHIPPIN CO., LTD, TOP TEN TRANS, INC.,    :
GFA INC., 3 WIN INC., MERCURY, AMERICAN
INTERNATIONAL LINE, INC., SOON CHAN    :
HONG a/k/a SOON C. HONG a/k/a SOONCHAN
C. HONG a/k/a SOON CHANGE HONG a/k/a    :
CHAN S. HONG a/k/a HONG S. CHAN a/k/a
HONG SOON CHANG d/b/a SOONCHAN HONG :
CUSTOM HOUSE BROKER, STOP & STOR,
NEXXON TRADING, INC., SOLUTION USA,    :
INC., GAVIN FASHION INC., KOREA EXPRESS
USA, JKM USA, CORP., WESTY STORAGE    :
CENTERS, jointly and severally

                Defendants    :

---

**VERIFIED ANSWER TO FIRST AMENDED COMPLAINT**

JEFFREY S. STEPHENS (JSS9212)
Attorney for Defendant
WESTY STORAGE CENTERS
14 Duncan Drive
Greenwich, CT 06831
203/531-5800