VIII of the First Amended Complaint, insofar as they are directed toward this defendant; this defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said Paragraphs.

### ANSWERING COUNT IX
### (PUNITIVE DAMAGES AS TO BARO SHIPPING, BARO SHIPPING'S U.S. AGENTS, PETER & FRANK, KIM, 3 WIN, MERCURY AND HONG)

28. The allegations contained in this Count IX of the First Amended Complaint are not directed toward this defendant and therefore require no answer; to the extent that any such answer is required, this defendant denies the allegations contained in said Count IX of the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

This defendant properly performed all of its duties in connection with any of the matters set forth in the First Amended Complaint and is not guilty of any negligent act or omission in regard to such matters.

### SECOND AFFIRMATIVE DEFENSE

This defendant performed certain warehousing services in regard to some goods which may pertain to this matter, all at the specific instruction of plaintiff's agent, defendant American International Line, Inc., with no fault, breach of contract, or other culpable conduct or omission on the part of this defendant.

### THIRD AFFIRMATIVE DEFENSE

This defendant incorporates herein all of the terms of warehouse receipts or other documents or contracts, including pertinent time limitations, limits of liability, claim notification requirements, and all other defenses contained therein.

### FOURTH AFFIRMATIVE DEFENSE

If plaintiff suffered losses as alleged in the First Amended Complaint, then such losses were brought about by the culpable conduct, negligence, omissions, and/or intentional conduct of others for whose acts or omissions this defendant is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted as against this defendant.

### SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim for punitive damages upon which relief may be granted as against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff sustained damages as a result of the matters alleged in the First Amended Complaint, then such damages were brought about by plaintiff's own culpable conduct or failure to maintain proper security to prevent a loss such as that which is alleged in the First Amended Complaint.

By reason thereof, the First Amended Complaint should be dismissed, or plaintiff's recovery, if any, must be reduced in proportion to plaintiff's own neglect, want of care, or other culpable conduct or omission.

### EIGHTH AFFIRMATIVE DEFENSE

This Honorable Court lacks personal jurisdiction over this defendant.

### NINTH AFFIRMATIVE DEFENSE

This Honorable Court lacks subject matter over the matters alleged in the First Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

This matter is brought in an improper venue in that this defendant did not perform any services within the State of New York in connection with any of the matters alleged in the First Amended Complaint, and that this defendant maintains no office or place of business within the State of New York.

### ELEVENTH AFFIRMATIVE DEFENSE

This District is an inconvenient venue within the meaning of 28 U.S.C. §1404, by reason of which the venue of this matter should be transferred to the District of New Jersey.

### TWELFTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by the applicable Statute of Limitations.

### CROSSCLAIMS AGAINST ALL CO-DEFENDANTS

If the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's First Amended Complaint by reasons other than plaintiff's own carelessness, recklessness, negligence and/or acts of omission or commission, then said damages were sustained by reason of the carelessness, recklessness, negligence and/or acts of omission or commission, and/or breach of warranty and/or breach of contract by, and/or strict liability of all co-defendants, their agents, servants and/or employees; and if any judgment is recovered herein by the plaintiff against the defendant, Korea Express U.S.A., Inc., thereby, then the co-defendants are or will be responsible in whole or in part therefore.

By reason of the foregoing, the co-defendants will be liable to this answering defendant in the event and in the full amount of a recovery by the plaintiff, or for such proportion thereof caused by the relative responsibility of the co-defendants for all or any part of any verdict or judgment plaintiff may recover against this defendant.

By reason of plaintiff's suit and action, this answering defendant has incurred and will incur liability for costs, disbursements and counsel fees, all to its special damage, and the co-defendants will be bound to indemnify this answering defendant for any and all counsel fees, costs of investigation, and disbursements.

**WHEREFORE**, defendant, Korea Express U.S.A., Inc., sued herein as Korea Express USA, demands judgment dismissing the First Amended Complaint herein as to said answering defendant, together with costs and disbursements, and further demands that the ultimate rights of said answering defendant and all co-defendants among themselves be determined in this action, and that said answering defendant have judgment over and against all co-defendants for all or that portion of any verdict which may be obtained herein by the plaintiff against said answering defendant, to the extent that the responsibility of all co-defendants contributed thereto, plus all attorneys' fees and the costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant, Korea Express U.S.A., Inc., sued herein as Korea Express USA, demands trial by jury as to all triable issues of fact.

Dated: New York, New York
August 1, 2008

Yours, etc.

LAW OFFICES OF JOHN C. LANE

_____
JOHN C. LANE (JL2569)
Attorneys for Defendant, Korea Express U.S.A., Inc.
191 Godwin Avenue
Wyckoff, New Jersey 07481
201-848-6000

TO:    Hyun Suk Choi, Esq. (HC4208)
The Park Law Group, LLC
23 South Warren Street, 2nd Floor
Trenton, New Jersey 08608
609-396-2800

Henry P. Gonzalez, Esq. (HG9238)
Rodriguez O'Donnell Gonzalez & Williams
Attorneys for Defendants, GFA, Inc. and Top Ten Trans, Inc.
1211 Connecticut Avenue NW, Suite 800
Washington, DC 20036
202-973-2980

Carl E. Person, Esq. (CP7637)
Attorneys for Defendants, Mercury and American International Line, Inc.
325 West 45th Street, Suite 201
New York, New York 10036
212-307-4444

David Y. Loh, Esq. (DL0460)
Cozen O'Connor, Esqs.
Attorneys for Defendant, Soon Chan Hong
45 Broadway Atrium, 16th Floor
New York, New York 10006
212-509-9400

Hendrick Vandamme, Esq. (HV7702)
Law Offices of Diffenderfer & Solomon
Attorneys for Defendant, Stop & Stor
90 Broad Street, Suite 2202
New York, New York 10004
646-428-2650

Jeffrey S. Stephens, Esq. (JSS9212)
Jeffrey S. Stephens, P.C.
Attorney for Defendant, Hicksville Project, LLC, sued as Westy Storage Centers
14 Duncan Drive
Greenwich, CT 06831
203-531-5800