Henry P. Gonzalez, LL.M. (HG 9238)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C.**
Attorneys for GFA, Inc.
1211 Connecticut Avenue, N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 293-3307   Facsimile

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

| | | |
|---|---|---|
| EASYTEX CORPORATION LIMITED, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | **Case No.: 07 CV 3907 (BSJ)(JCF)** |
| | : | |
| -against- | : | **DEFENDANT TOP TEN TRANS,** |
| | : | **INC.'S ANSWER AND AFFIRMATIVE** |
| PETER & FRANK OF NY, CORP. et al., | : | **DEFENSES TO FIRST AMENDED** |
| | : | **VERIFIED COMPLAINT, AND** |
| Defendants. | : | **CROSS-CLAIM** |

---------------------------------------------------------------X

Defendant Top Ten Trans, Inc. ("Top Ten"), by its undersigned attorney, files this Answer and Affirmative Defenses to Plaintiff's First Amended Verified Complaint, and Cross-Claims against co-defendants and does hereby admit, deny, aver, and allege as follows:

## ANSWER

1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Admit that Baro Shipping Co., Ltd. ("Baro Shipping") was and is engaged in business as a Non-Vessel-Operating Common Carrier ("NVOCC"). Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Admit that Top Ten is a corporation organized and existing pursuant to the laws of the State of New Jersey. Deny that Top Ten's principal place of business is as stated in paragraph 17 of the Complaint because Top Ten moved its principal place of business to 26 East Clinton Ave., Tenafly, NJ 07670.

18. Admit that Top Ten was a delivery agent of a disclosed principal, Baro Shipping, with respect to the seven containers subject of this action.

19. Deny.

20. Upon information and belief, admit that GFA, Inc. ("GFA") is a corporation organized and existing pursuant to the laws of one of the states of the United States. Upon information and belief, deny that GFA's principal place of business is as stated in paragraph 17 of the Complaint because GFA moved its principal place of business to 26 East Clinton Ave., Tenafly, NJ 07670.

21. Upon information and belief, deny.

22. Upon information and belief, deny.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72. Admit that Top Ten, as an agent of Baro Shipping, arranged for the transportation of four containers from Tacoma, Washington to Busan, Korea.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 75 of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 79 of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 81 of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 82 of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 83 of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 84 of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 86 of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 89 of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 91 of the Complaint.

92. Admit that 3 (three) containers, among the seven containers subject of this action, were shipped on Hyundai Independence V. 104E sailing to the United States. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 92 of the Complaint.

93. Admit that 4 (four) containers, among the seven containers subject of this action, were shipped on Hyundai Republic V. 057E sailing to the United States. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 93 of the Complaint.

94. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 94 of the Complaint.

95. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 95 of the Complaint.

96. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 96 of the Complaint.

97. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 97 of the Complaint.

98. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 98 of the Complaint.

99. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 99 of the Complaint.

100. Admit that Baro Shipping issued a bill of lading for each of seven containers subject of this action. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 100 of the Complaint.

101. Admit.

102. Admit.

103. Deny.

104. Deny.

105. Deny with respect to Top Ten.

106. Deny with respect to Top Ten.

107. Deny with respect to Top Ten.

108. Deny with respect to Top Ten.

109. Deny with respect to Top Ten.

110. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 110 of the Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 111 of the Complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 112 of the Complaint.

113. Deny with respect to Top Ten.

114. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 114 of the Complaint.

115. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

121. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 121 of the Complaint.

122. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 122 of the Complaint.

123. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 123 of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 124 of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 125 of the Complaint.

126. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

127. Admit that Baro Shipping's seven bills of lading for the shipments subject of this action are contracts of carriage. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 127 of the Complaint.

128. Deny.

129. Deny.

130. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 130 of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 131 of the Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 132 of the Complaint.

133. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

134. Deny.

135. Deny.

136. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

143. Deny.

144. Deny.

145. Deny.

146. Deny.

147. Deny.

148. Deny.

149. Repeat and re-allege by reference the answers in the preceding paragraphs as if fully set force herein.

150. Deny.

151. Deny.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

156. The Complaint fails to state a claim or cause of action against Top Ten upon which relief can be granted.

### Second Affirmative Defense

157. The Court lacks subject matter jurisdiction.

### Third Affirmative Defense

158. The Court lacks personal jurisdiction over Top Ten.

### Fourth Affirmative Defense

159. The Complaint against Top Ten should be dismissed because of improper venue.

### Fifth Affirmative Defense

160. Top Ten is not a party to the contracts of carriage with respect to the seven containers subject of this action.

### Sixth Affirmative Defense

161. Top Ten is not in privity of contact with Plaintiff.

### Seventh Affirmative Defense

162. The Complaint against Top Ten specifically fails to state a claim or cause of action upon which relief can be granted because Top Ten did not have any duty owed to Plaintiff in contract, tort, or otherwise with respect to the seven containers subject of the action.

### Eight Affirmative Defense

163. Plaintiff's claims against Top Ten are frivolous because Top Ten did not have any duty owed to Plaintiff in contract, tort, or otherwise with respect to the seven containers subject of the action.

### Ninth Affirmative Defense

164. Top Ten did not breach any duty in contract, tort, or otherwise with respect to the seven containers subject of this action.

### Tenth Affirmative Defense

165. Any alleged damages, which are denied, were caused solely by or contributed by Plaintiff's own act or negligence.

### Eleventh Affirmative Defense

166. Any alleged damages, which are denied, were caused solely by or contributed by an act or omission of some of the co-defendants over whom Top Ten exercised no control and for whom Top Ten is neither responsible nor liable.

### Twelfth Affirmative Defense

167. The Plaintiff is not a party to the contracts of carriage with respect to the seven containers subject of this action.

### Thirteenth Affirmative Defense

168. Plaintiff's claims against Top Ten are barred by doctrine of unclean hands.

### Fourteenth Affirmative Defense

169. Plaintiff's claims against Top Ten are barred by doctrine of estoppel.

### Fifteenth Affirmative Defense

170. Plaintiff's claims against Top Ten are barred by doctrine of latches.

### Sixteenth Affirmative Defense

171. Top Ten is not liable or responsible for the Plaintiff's alleged damages because Top Ten acted only as a delivery agent of a disclosed principal, Baro Shipping, at all times with respect to the seven containers subject of this action.

### Seventeenth Affirmative Defense

172. The Complaint against Top Ten should be dismissed because of insufficiency of service of process.

### Eighteenth Affirmative Defense

173. This action must be dismissed because indispensable parties, including but not limited to All Asia Garment Industries, Texport Corporation, and AAA Garment & Textile Manufacturing, Inc., have not been joined in the action.

### Nineteenth Affirmative Defense

174. Top Ten is entitled to and asserts all defenses and limits of liability to which it is entitled under the vessel carrier's bills of lading and/or the bills of lading for any other downstream intermediaries or common carriers.

**WHEREFORE**, Top Ten Trans, Inc. respectfully prays that:

175. the Complaint be dismissed against Top Ten;

176. the Court award Top Ten against Plaintiff reasonable attorneys' fees, court costs, and reasonable expenses incurred in connection with this action; and

177. the Court award Top Ten against Plaintiff such other and further relief as the Court deems just and proper.

## CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

178. Top Ten repeats, re-alleges, and incorporates the allegations in the preceding paragraphs as if fully set force herein.

179. If Plaintiff suffered any damages as alleged in the Complaint, which is denied, those damages were caused by the breach of contract, fault, neglect, negligence, and/or omission by all or some of the co-defendants.

180. If Plaintiff suffered any damages as alleged in the Complaint, which is denied, and is awarded a judgment against Top Ten, Top Ten is entitled to indemnity and/or contribution in full from all or some of the co-defendants, jointly and severally, in the amount of the judgment against Top Ten, including reasonable attorneys' fees and costs incurred in defense of this action.

WHEREFORE, Top Ten Trans, Inc. respectfully prays that:

181.    the Complaint be dismissed against Top Ten;

182.    in the event that a judgment is awarded in favor of the Plaintiff and against Top Ten, Top Ten be awarded indemnity and/or contribution in full against all or some of the co-defendants, jointly and severally, in the amount of the judgment against Top Ten.

183.    the Court award Top Ten against all or some of the co-defendants, jointly and severally, reasonable attorneys' fees, court costs, and reasonable expenses incurred in connection with this action; and

184.    the Court award Top Ten against all or some of the co-defendants, jointly and severally, such other and further relief as the Court deems just and proper.

Respectfully Submitted,

By: *[signature]*

Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL GONZALEZ & WILLIAMS, P.C.**
1211 Connecticut Avenue, N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980 – Telephone
(202) 293-3307 – Facsimile

Dated: August 7, 2008