SH2_Mot1SJM_Memo_of_Law_in_Supp_of_American_SJM.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x

| | | |
|---|---|---|
| **EASYTEX CORPORATION LIMITED,** | : | **ECF CASE** |
| | : | |
| **Plaintiff,** | : | **07 CV 3907 (BSJ)** |
| -against- | : | |
| | : | |
| **PETER & FRANK OF NY, CORP., CHUL** | : | |
| **KYU KIM a/k/a KIM CHUL KYU a/k/a** | : | |
| **CHUK CHUL KIM a/k/a ROBERT CHUL** | : | |
| **KIM a/k/a CHUL KYOO KIM a/k/a** | : | |
| **CHULKYOO KIM a/k/a KIM K. CHUL,** | : | |
| **BARO SHIPPING CO., LTD., TOP TEN** | : | |
| **TRANS, INC., GFA, INC., 3 WIN INC.,** | : | |
| **MERCURY, AMERICAN INTERNATIONAL** | : | |
| **LINE, INC., SOON CHAN HONG a/k/a** | : | |
| **SOON C. HONG  a/k/a SOONCHAN C.** | : | |
| **HONG a/k/a SOON CHAN HONG a/k/a** | : | |
| **CHAN S. HONG a/k/a HONG S. CHAN** | : | |
| **a/k/a HONG SOON CHANG d/b/a** | : | |
| **SOONCHAN HONG CUSTOM HOUSE** | : | |
| **BROKER, STOP  & STOR, NEXXON** | : | |
| **TRADING, INC., SOLUTION USA, INC.,** | : | |
| **GAVIN FASHION, INC., KOREA** | : | |
| **EXPRESS USA, JKM USA, CORP.,** | : | |
| **WESTY STORAGE CENTERS, jointly and severally,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

------------------------------------------------------------------------------x

### MEMORANDUM OF LAW BY AMERICAN INTERNATIONAL LINE, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; POSTING OF A BOND BY PLAINTIFF UNDER LOCAL CIVIL RULE 54.2; AND A <u>STAY OF PROCEEDINGS PENDING DECISION ON THIS MOTION</u>

Defendant American International Line, Inc. ("American") submits this memorandum of

law in support of its motion for (i) a summary judgment, (ii) an order requiring the Plaintiff to post

a bond under Local Civil Rule 54.2 for $500,000 to cover costs and sanctions which could be

awarded to all or many of the remaining co-defendants in this action; and (iii) an order staying all

proceedings until this motion has been decided.

1

This memorandum is going to be brief, because of American's financial condition which makes it unable to pay the substantial litigation costs of defending itself in this action. It should be noted that already counsel for one of the other co-defendants has made a motion to withdraw from the action, a sign that the attorney is not getting paid. Also, Mr. Hong (my former client) has been pro se in this action for a period of time, evidencing his inability to pay the high costs of defense in this oppressive litigation.

## I.

**AMERICAN IS ENTITLED TO SUMMARY JUDGMENT
UNDER RULE 56, F.R.CIV.P. – AMERICAN HAS DONE
NOTHING TO HAVE ANY LIABILITY TO THE PLAINTIFF**

American has done nothing to be liable to the Plaintiff for anything alleged by the Plaintiff in its Verified Amended Complaint (the "Complaint"). See American's verified answer and the accompanying declaration of Yoona Choi, operations manager of American. Also, see American's accompanying Rule 56.1 Statement.

## II.

**AMERICAN AND THE OTHER REMAINING CO-DEFENDANTS ARE
ENTITLED TO AN ORDER REQUIRING THE PLAINTIFF – A CHINESE
CORPORATION WITHOUT ANY APPARENT ASSETS AND NOT QUALIFIED
TO DO BUSINESS IN NEW YORK – TO POST A BOND OF $500,000 UNDER LOCAL
CIVIL RULE 54.2 BEFORE BEING ABLE TO CONTINUE WITH THIS LAWSUIT**

The Plaintiff, a Chinese corporation with its office in Kowloon, Hong Kong, is not qualified to do business in New York.

The Plaintiff is misusing this action and this Court in an effort to ensnare numerous small businesses into seemingly endless and costly litigation, to find someone to blame for what co-defendant Peter & Frank of NY Corp. ("Peter & Frank") appears to have done.  The Plaintiff already has a default judgment against Peter & Frank.  But Peter & Frank probably has no assets to respond to the judgment, which is apparently the same situation for the Plaintiff.  It appears that the Plaintiff (having allegedly suffered a $1.5 million loss due to the activities of Peter & Frank) is also in a position of not being able to pay a judgment, for costs and sanctions.

Local Civil Rule 54.2 provides protection to the co-defendants under this situation by permitting the Court to require the Plaintiff to post a bond before it continues with this litigation.

A bond in the amount of $500,000 is comparatively small for the large number of remaining co-defendants involved, which number keeps increasing.  The current number of co-defendants (including American d/b/a Mercury as a single co-defendant) is 12, as follows:

1.. **BARO SHIPPING CO., LTD.**
2.. **TOP TEN TRANS, INC.**
3.. **GFA, INC.**
4.. **3 WIN INC.**
5.. **AMERICAN INTERNATIONAL LINE, INC. (a/k/a Mercury)**
6.. **SOON CHAN HONG a/k/a SOON C. HONG  a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER**
7.. **STOP  & STOR / NEXXON TRADING, INC.**
8.. **SOLUTION USA, INC.**
9.. **GAVIN FASHION, INC.**
10.. **KOREA EXPRESS USA**
11.. **JKM USA, CORP.**
12. **WESTY STORAGE CENTERS**

A bond of $500,000 would provide protection to American of only $41,667.  American reserves the right to seek an increase in the bond as the litigation progresses.

The claims against American are frivolous, and the Plaintiff's lawyer is ensnaring American and the other original co-defendants in expanded litigation in the Plaintiff's futile search to use the

complaint in this litigation to find innocent co-defendants willing to pay some of Plaintiff's alleged losses to be allowed out of this oppressive litigation.

What is worse, the Plaintiff's lawyer drags out the taking of his depositions so that a room full of lawyers have to listen to hours of worthless deposition testimony, at least this is what the undersigned attorney saw for the first 1.5 hours of the recent deposition conducted by the Plaintiff's attorney of a witness produced by co-defendant GFA.

There is an immediate need to impose a potential penalty for this type of conduct in the form of the requested bond, and a stay of all proceedings until the bond is posted. Otherwise, there would be no penalty at the far end of this litigation because the Plaintiff is a foreign (Chinese) corporation with no apparent assets and at least $1,500,000 in admitted losses.

## III.

### AMERICAN AND THE OTHER REMAINING CO-DEFENDANTS ARE ENTITLED TO A STAY OF ALL PROCEEDINGS UNTIL THE PLAINTIFF POSTS AN ADEQUATE BOND UNDER LOCAL CIVIL RULE 54.2 IN AN AMOUNT TO BE DETERMINED BY THE COURT

The Plaintiff has served a notice of deposition on American requiring that Ben Soona and Yoona Choi be subjected to deposition by the Plaintiff. This is just one more oppressive technique being used by the Plaintiff. The Plaintiff doesn't need to depose two employees of a corporation, especially in a small, 5-person company.

American seeks relief from this deposition oppression, which would cost American about $5,000 in additional legal fees which American cannot afford to pay, and which unfairly thrusts the cost upon American's lawyer, the undersigned.

The Court should stay all proceedings until a performance bond is posted by the Plaintiff, in an amount to be determined by the Court. Local Civil Rule 54.2 provides in relevant part:

**Local Civil Rule 54.2. Security for Costs**
The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the noncomplying party.

[Source: Former Local Civil Rule 39]
In *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, Slip Copy, 2008 WL 2876508, ***2

(SDNY 7/21/08), the Court (Magistrate Judge Frank Maas) ordered a foreign corporation to post a bond under Local Civil Rule 54.2, stating in part:

A. *Should a Bond be Required?*
Local Civil Rule 54.2 provides that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." Courts have broad discretion in deciding whether a party should be required to post such a bond. Selletti v. Carey, 173 F.3d 104, 110-11 (2d Cir.1999); Bldg. Serv. 32B-J Pension Fund v. Vanderveer Estates Holding, LLC, 115 F.Supp.2d 459, 464 (S.D.N.Y.2000). In determining whether a bond is appropriate, the factors to be considered include: "(1) the financial condition and ability to pay of the party who would post the bond, (2) whether the party is a non-resident or foreign corporation, (3) the merits of the underlying claims, (4) the extent and scope of discovery, (5) the legal costs expected to be incurred, and (6) compliance with past court orders." *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254(JFK), 2008 WL 161239, at *1 (S.D.N.Y. Jan. 15, 2008) (quoting RLS *Assocs., LLC v. United Bank of Kuwait PLC*, 464 F.Supp.2d 206, 220 (S.D.N.Y.2006)). Here, virtually all of these factors augur in favor of requiring a bond.

1. *Financial Condition and Ability to Pay*
A plaintiff's apparent "lack of assets is itself sufficient to warrant attachment of costs under Rule 54.2." Sea Trade Co. Ltd., 2008 WL 161239, at *2; RLS. 464 F.Supp. 2d at 221.

* * *

[***3]

BJPL's foreign status and lack of United States assets consequently also supports the posting of a bond. *See Sea Trade Co. Ltd.*, 2008 WL 161239, at *2 (requiring foreign corporate plaintiffs with no business or assets in the United States to post a bond); *see also* N.Y. C.P.L.R. 8501(a) (McKinney

1981) (permitting defendant to obtain an ex parte order requiring security for costs when the plaintiff is a foreign corporation not licensed to do business in New York State).

* * *

[*** 4-5]

6. Conclusion

In sum, all but one of the key factors that courts traditionally consider support Tiffany's application, and the remaining factor does not favor BJPL. In these circumstances, the Court will require the posting of a bond.

B. How Large a Bond Should be Required?

Under Local Civil Rule 54.2, courts have considerable discretion regarding the amount of a bond to secure costs. RLS. 464 F.Supp.2d at 221-22. The taxable costs that a party may be required to bond include the cost of deposition and trial transcripts and copies of exhibits that are introduced into evidence or used in connection with motion papers. See 28 U.S.C. § 1920; Fed.R.Civ.P. 54; Local Civ. R. 54.1. In this case, Tiffany estimates that it will incur costs in the amount of $53,000, consisting of ten days of deposition transcripts at a rate of $4,500 per transcript, $1,000 already spent on transcripts of court proceedings, $2,000 for the estimated cost of future court transcripts, and $5,000 for the expense of copying 20,000 pages of documents at $0.25 per page. The two largest items, transcripts and copying costs, will only be recoverable to the extent that they actually are used at trial or in the course of ruling on a summary judgment motion. See Local Civ. R. 54.1(c)(2), (5). Additionally, the estimated $4,500 cost per deposition transcript seems high. BJPL therefore will only be required to post a bond for costs in the amount of $40,000.

 *5 Tiffany argues that BJPL also should be required to secure a potential award of sanctions in Tiffany's favor because discovery allegedly has revealed that BJPL's claims lack evidentiary support. ( See Def.'s Mem. at 1-2, 10; letter to the Court from Jeffrey A. Mitchell, Esq., dated May 27, 2008). Notwithstanding the tenuous nature of BJPL's oral contract claims, it is far from clear that an award of sanctions in this case would be appropriate. For example, in response to Tiffany's motion to dismiss, Judge Wood found that several of BJPL's claims were not entirely frivolous. See Beautiful Jewellers Private Ltd. v. Tiffany & Co., No. 06 Civ. 3085(KMW), 2007 WL 867202, at *2-7 (S.D.N.Y. Mar. 21, 2007). BJPL also has proffered evidence which could potentially support its claim that Tiffany was aware that another entity had assumed its obligations under the alleged oral contract between BJPL and Tiffany. ( See, e.g., Ex. C (Dep. of Rajeev Mehta, taken on Mar. 13, 2008) at 73 (stating that Tiffany was fully aware that BJPL began to do business under a different trade name in or around 2003); Mehta Aff. ¶¶ 10, 12-13 (same)). For this reason, BJPL will not be required to post a bond to secure a sanctions award. See Poddar v.. State Bank of India, 235 F.R.D. 592, 598-99 (S.D.N.Y.2006) (denying defendant's motion for a bond to assure its ability to collect "the sanctions award to which it may be entitled in the future").

IV. Conclusion

For the foregoing reasons, Tiffany's motion under Local Civil Rule 54.2, (Docket No. 58), is granted in part and denied in part, and BJPL is directed to post a bond in the amount of $40,000 to secure Tiffany's costs. That bond is to be posted within ten days from the date hereof.

The transcript costs to American would be about $2,000 per 8-hour deposition (assuming American could pay for such costs), and if the Plaintiff takes 2 depositions per defendant, for a total of 24 depositions, at a transcript cost of $48,000. The costs of attorneys fees for attending such depositions (in the event of award of sanctions against the plaintiff and its counsel) would be about $5,000 per deposition, or $120,000 in legal fees for the depositions alone, and another $50,000 (at a minimum) in legal fees in defending this action through trial, for a total of $170,000 for just one co-defendant (American).  Times 12 co-defendants, this amount (above taxable costs) increases to $2,040,000.

Conclusion

For the reasons set forth above, American respectfully requests an order (i) granting summary judgment dismissing American from the action; (ii) requiring Plaintiff to post a bond of $500,000 under Local Civil Rule 54.2; and (iii) staying all further proceedings in this action until the Plaintiff posts the bond in an amount to be determined by the Court.

**Dated:    New York, New York**
**August 21, 2008**

_Carl E. Person_

_____
**Carl E. Person   (CP  7637)**
**Attorney for Defendant, American**
**  International Line, Inc. (also sued herein**
**  under its trade name "Mercury")**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

## CERTIFICATE OF SERVICE

It is hereby certified that on August 21, 2008 a true and correct copy of the foregoing **MEMORANDUM OF LAW BY AMERICAN INTERNATIONAL LINE, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; POSTING OF A BOND BY PLAINTIFF UNDER LOCAL CIVIL RULE 54.2; AND A STAY OF PROCEEDINGS PENDING DECISION ON THIS MOTION** (the "Document") was served on the respective attorneys for the Plaintiff and Co-Defendants by causing the same to be delivered by first class mail, postage pre-paid to:

Chull S. Park, Esq.        [Pltf]
Hyun Suk Choi, Esq.
The Park Law Group, LLC
23 S. Warren Street - 2nd Floor
Trenton NJ  08608

Jeffrey S. Stephens, Esq. [Westy]
Jeffrey S. Stephens, P.C.
14 Duncan Drive
Greenwich CT  06831

Hendrick Vandamme, Esq.  [Stop&Stor]
Patrick Joseph Maloney, Esq.
Law Offices of Harvey & Vandamme
90 Broad Street – Suite 2202
New York NY  10004

John Cooper Lane, Esq.  [Korea]
Law Offices of John C. Lane
191 Godwin Avenue
Wyckoff NJ 07481

David Yita Loh, Esq. [Hong, incl Hong's CrossCl]
Cozen O'Connor
45 Broadway Atrium – Suite 1600
New York NY  10006

Peter Caccamo-Bobchin, Esq. [Westy]
Law Offices of John C. Lane
140 Broadway – 46th Fl. PMB46103
New York NY  10005

Henry P. Gonzalez, Esq.  [GFA]
Rodriguez O'Donnell Gonzalez & Williams, P.C.
1211 Connecticut Avenue, N.W. – Suite 800
Washington DC  20036

**Dated:  August 21, 2008**

_____
**Carl E. Person (CP 7637)**