SH2_Rule_56_1_Statement_by_American.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

| | | |
|---|---|---|
| **EASYTEX CORPORATION LIMITED,** | : | ECF CASE |
| | : | |
| | : | 07 CV 3907 (BSJ) (JCF) |
| **Plaintiff,** | : | |
| -against- | : | RULE 56.1 STATEMENT |
| | : | BY AMERICAN |
| **PETER & FRANK OF NY, CORP., CHUL** | : | <u>INTERNATIONAL LINE, INC.</u> |
| **KYU KIM a/k/a KIM CHUL KYU a/k/a** | : | |
| **CHUK CHUL KIM a/k/a ROBERT CHUL** | : | |
| **KIM a/k/a CHUL KYOO KIM a/k/a** | : | |
| **CHULKYOO KIM a/k/a KIM K. CHUL,** | : | |
| **BARO SHIPPING CO., LTD., TOP TEN** | : | |
| **TRANS, INC., GFA, INC., 3 WIN INC.,** | : | |
| **MERCURY, AMERICAN INTERNATIONAL** | : | |
| **LINE, INC., SOON CHAN HONG a/k/a** | : | |
| **SOON C. HONG  a/k/a SOONCHAN C.** | : | |
| **HONG a/k/a SOON CHAN HONG a/k/a** | : | |
| **CHAN S. HONG a/k/a HONG S. CHAN** | : | |
| **a/k/a HONG SOON CHANG d/b/a** | : | |
| **SOONCHAN HONG CUSTOM HOUSE** | : | |
| **BROKER, STOP  & STOR, NEXXON** | : | |
| **TRADING, INC., SOLUTION USA, INC.,** | : | |
| **GAVIN FASHION, INC., KOREA** | : | |
| **EXPRESS USA, JKM USA, CORP.,** | : | |
| **WESTY STORAGE CENTERS, jointly and severally,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

-------------------------------------------------------------------------x

Defendant, **American International Line, Inc.** (hereinafter, "American"), through undersigned counsel and pursuant to Local Rule 56.1, respectfully provides American's Statement of Undisputed Material Facts in support of its summary judgment motion against Plaintiff, Easytex Corporation Limited ("Easytex"):

1..    American is a New York corporation engaged in the freight forwarding business. [¶ 2, Yoona Choi Decl.]

2..    American has been engaged in the freight-forwarding business since 2004. [¶ 3, Yoona Choi Decl.]

1

3.. American was retained as freight forwarder by co-defendant Peter & Frank of NY, Corp. ("Peter & Frank") on or about September, 2006 to clear customs and arrange for delivery of 7 containers of cargo, which are at issue in this case. [¶ 4, Yoona Choi Decl.]

4.. At all times American acted as agent for Peter & Frank and retained co-defendant Hong to get customs clearance for the contents of the 7 containers. [¶ 5, Yoona Choi Decl.]

5.. At no time did American see, touch, or take title to or possession of any of the goods in 6 and 6/7's of the containers at issue in this lawsuit. Each container has about 723 boxes, and as to 6 and 6/7's containers there were approximately 4,950 boxes as to which American did not see, touch, take title to or possession of. [¶ 6, Yoona Choi Decl.]

6.. After the 7 containers had been released and put in storage, Peter & Frank of NY, Corp. refused to pay American's charges ($6,396, much of which was American's payment of Peter & Frank's warehouse expense at Stop & Stor), claiming that Peter & Frank was without funds. In an effort to pay American part of what it owed, Peter & Frank authorized American to take the 100 boxes remaining in storage. [¶ 7, Yoona Choi Decl.]

7.. The other 4,850 boxes by this time had already been shipped out of storage by Peter & Frank. American took the 100 boxes, as authorized by Peter & Frank, sold them for about $2,000, and applied the amount to reduce Peter & Frank's $6,396 unpaid charges to American by the $2,000. [¶ 7, Yoona Choi Decl.]

8.. At no time did American have any opportunity to see or report any wrongdoing by anyone as to any of the goods, up to and including transportation of the goods to Korean Express. Thereafter, Peter & Frank failed to reimburse American for its payments to Korean Express (and related handling charge of AIL) and Peter & Frank told American to take the remaining 100 boxes still at Korean Express and use them to offset some of the money owed to

2

American. American did this and sold the 100 boxes for about $2,000, and at this time Peter & Frank still owes American about $4,396 for unpaid charges relating to storage of the 7 containers at Korean Express. [¶ 8, Yoona Choi Decl.]

9.. At no time did American agree or conspire with anyone to unlawfully deprive Plaintiff Easytex or any other person of their rightful ownership or possession of any of the goods at issue in this lawsuit. [¶ 9, Yoona Choi Decl.]

10.. American's fee charged to Peter & Frank was $65 for each of 7 bills of lading (one per container, a total of $455); plus $100 for trucking; plus $45 x 7 (or $315) for retaining Mr. Hong for customers clearance; plus an additional $100 which American added. The total amount of fees charged by American to Peter & Frank was $970. [¶ 10, Yoona Choi Decl.]

11.. There were a total of 7 bills of lading relating to the containers involved in this lawsuit. [¶ 11, Yoona Choi Decl.]

12.. The 7 bills of lading were issued by Top Ten Trans, Inc. ("Top Ten"). American never issued any bills of lading for any of the 7 containers. [¶ 12, Yoona Choi Decl.]

13.. American received copies of each of the 7 Top Ten bills of lading, which American needed to give to co-defendant Hong to obtain customs clearance. [¶ 13, Yoona Choi Decl.]

14.. American had nothing to do with the release of the containers to anyone. American did not authorized or participate in the release of the containers to anyone. [¶ 14, Yoona Choi Decl.]

15.. American has nothing to do with Easytex's loss and has no liability to Easytex. [¶ 15, Yoona Choi Decl.]

16..   American does not belong in this case and to keep American in this case is a tragedy because of the litigation tactics of the Plaintiff and the resulting litigation costs to American which keep increasing. [¶ 16, Yoona Choi Decl.]

**Dated:**   **New York, New York**
              **August 21, 2008**

_____
**Carl E. Person   (CP  7637)**
**Attorney for Defendant, American**
   **International Line, Inc.**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

## CERTIFICATE OF SERVICE

It is hereby certified that on August 21, 2008 a true and correct copy of the foregoing **Rule 56.1 Statement by American International Line, Inc.** was served on the respective attorneys for the Plaintiff and Co-Defendants by causing the same to be delivered by first class mail, postage pre-paid to:

| | |
|---|---|
| Chull S. Park, Esq.     [Pltf]<br>Hyun Suk Choi, Esq.<br>The Park Law Group, LLC<br>23 S. Warren Street - 2nd Floor<br>Trenton NJ  08608 | Jeffrey S. Stephens, Esq. [Westy]<br>Jeffrey S. Stephens, P.C.<br>14 Duncan Drive<br>Greenwich CT  06831 |
| Hendrick Vandamme, Esq.  [Stop&Stor]<br>Patrick Joseph Maloney, Esq.<br>Law Offices of Harvey & Vandamme<br>90 Broad Street – Suite 2202<br>New York NY  10004 | John Cooper Lane, Esq.  [Korea]<br>Law Offices of John C. Lane<br>191 Godwin Avenue<br>Wyckoff NJ 07481 |
| David Yita Loh, Esq. [Hong, incl Hong's CrossCl]<br>Cozen O'Connor<br>45 Broadway Atrium – Suite 1600<br>New York NY  10006 | Peter Caccamo-Bobchin, Esq. [Westy]<br>Law Offices of John C. Lane<br>140 Broadway – 46th Fl. PMB46103<br>New York NY  10005 |
| Henry P. Gonzalez, Esq.  [GFA]<br>Rodriguez O'Donnell Gonzalez & Williams, P.C.<br>1211 Connecticut Avenue, N.W. – Suite 800<br>Washington DC  20036 | |

**Dated:   August 21, 2008**

_____
   **Carl E. Person  (CP 7637)**