SH2_Not1SJM_Declaration_by_Yoona_Choi.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
|  |  |
|---|---|
| EASYTEX CORPORATION LIMITED, | ECF CASE |
| Plaintiff, | 07 CV 3907 (BSJ) (JCF) |
| -against- | SUPPORTING DECLARATION OF YOONA CHOI |
| PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, INC., GAVIN FASHION, INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE CENTERS, jointly and severally, | |
| Defendants. | |

-----------------------------------------------------------------------x

I, **Yoona Choi**, declare as follows:

1..     I am Assistant Operation Manager of Defendant American International Line, Inc. ("American"), am fully aware of the facts stated herein, and make this declaration under the penalty of perjury (pursuant to 28 U.S.C. § 1746) in support of American's motion for summary judgment against Plaintiff Easytex Corporation Limited ("Easytex") and for other relief, as specified in American's Notice of Motion.

2..     American is a New York corporation engaged in the freight forwarding business.

3..     American has been engaged in the freight-forwarding business since 2004.

1

4..    American was retained as freight forwarder by co-defendant Peter & Frank of NY, Corp. ("Peter & Frank") on or about September, 2006 to clear customs and arrange for delivery of 7 containers of cargo, which are at issue in this case.

5..    At all times American acted as agent for Peter & Frank and retained co-defendant Hong to get customs clearance for the contents of the 7 containers.

6..    At no time did American see, touch, or take title to or possession of any of the goods in 6 and 6/7's of the containers at issue in this lawsuit. Each container has about 723 boxes, and as to 6 and 6/7's containers there were approximately 4,950 boxes as to which American did not see, touch, take title to or possession of.

7..    After the 7 containers had been released and put in storage, Peter & Frank refused to pay American's charges ($6,396, much of which was American's payment of Peter & Frank's warehouse expense at Korean Express), claiming that Peter & Frank was without funds. In an effort to pay American part of what it owed, Peter & Frank authorized American to take the 100 boxes remaining in storage. The other 4,850 boxes by this time had already been shipped out of storage by Peter & Frank. American took the 100 boxes, as authorized by Peter & Frank, sold them for about $2,000, and applied the amount to reduce Peter & Frank's $6,396 unpaid charges to American by the $2,000.

8..    At no time did American have any opportunity to see or report any wrongdoing by anyone as to any of the goods, up to and including transportation of the goods to Korean Express. Thereafter, Peter & Frank failed to reimburse American for its payments to Korean Express (and related handling charge of American) and Peter & Frank told American to take the remaining 100 boxes still at Korean Express and use them to offset some of the money owed to American. American did this and sold the 100 boxes for about $2,000, and at this time Peter & Frank still

owes American about $4,396 for unpaid charges relating to storage of the 7 containers at Korean Express.

        9..      At no time did American agree or conspire with anyone to unlawfully deprive Plaintiff Easytex or any other person of their rightful ownership or possession of any of the goods at issue in this lawsuit.

        10..     American's fee charged to Peter & Frank was $65 for each of 7 bills of lading (one per container, a total of $455); plus $100 for trucking; plus $45 x 7 (or $315) for retaining Mr. Hong for customers clearance; plus an additional $100 which American added. The total amount of fees charged by American to Peter & Frank was $970.

        11..     There were a total of 7 bills of lading relating to the containers involved in this lawsuit.

        12..     The 7 bills of lading were issued by co-defendant Top Ten Trans, Inc. ("Top Ten") American never issued any bills of lading for any of the 7 containers.

        13..     American received copies of each of the 7 Top Ten bills of lading, which American needed to give to co-defendant Hong to obtain customs clearance.

        14..     American had nothing to do with the release of the containers to anyone. American did not authorized or participate in the release of the containers to anyone.

        15..     American has nothing to do with Easytex's loss and has no liability to Easytex.

        16..     American does not belong in this case and to keep American in this case is a tragedy because of the litigation tactics of the Plaintiff and the resulting litigation costs to American which keep increasing.

        17..     American does not have the financial ability to pay the litigation costs that have been incurred to date. The lawsuit, because of these costs and threatened continuing costs, is

threatening to put American out of business. American is a very small company with only 5 employees and annual revenues (consisting of fees for services) of less than $150,000) and annual normal business costs equal to the business revenues. The huge additional litigation expenses for such a small company is threatening to drive American out of business.

18..    For example, the plaintiff is seeking to take the deposition of two of American's 5 employees, myself and Byung Ha Yoon (a/k/a Ben Yoon). The preparation time for our attorney for each deposition (2 hours times two or 4 hours) plus the two depositions (at the anticipated length of 8 hours each) plus travel time for our attorney – an additional 4 hours – amounts to an estimated 24 hours of time, at a cost (at $200/hour) of $4,800, which American does not have to pay.

19..    According to the allegations in its complaint,

> 6.    Easytex is a company organized and existing pursuant to the laws of the People's Republic of China ("China") with its principal principal business located at Flat B, 7/FL., Tai Fung Industrial Building, No.61, Hung To Road, Kwun Tong, Kowloon, Hong Kong, China of which business includes exporting textile goods to the United States.

20..    Easytex has no information available through a Google search other than the existence of this lawsuit. In other words, Easytex has no website and no internet presence. It alleges that it occupies a "flat" ("Flat B") on the 7th floor of an industrial building in Kowloon, Hong Kong. It appears that Easytex is only an address, with no assets other than the frivolous allegations in this lawsuit, and could disappear forever any time it seeks to do so.

21..    There is no showing by Easytex that it has any financial capacity to pay for the considerable costs being incurred in this litigation or for any sanctions that could and should be

154. The tortious conduct of Baro Shipping, Baro Shipping's U.S. Agents, Peter & Frank, Kim, 3 Win, Mercury, and Hong is gross and morally reprehensible, and of such wanton dishonesty as to imply a criminal indifference to civil obligations.

22.. Easytex claims in its complaint (at page 23, prayer for relief) that it has lost $1,469,740 as a result of defendants' alleged activities. If Easytex has lost this amount, it is probable that Easytex is a corporation without assets and has no ability to reimburse any of the numerous co-defendants for their costs or for any attorneys' fees that may be awarded against Easytext for frivolous litigation, and there is an immediate need to have all of the parties protected by the requirement that Easytex post a bond pursuant to Local Civil Rule 54.2, as discussed in American's accompanying memorandum of law.

I declare under penalty of perjury (pursuant to 28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on August 21, 2008 at Queens, New York.

_____
Yoona Choi

# CERTIFICATE OF SERVICE

It is hereby certified that on August 21, 2008 a true and correct copy of the foregoing Notice of Motion for Summary Judgment by American International Line, Inc. was served on the respective attorneys for the Plaintiff and Co-Defendants by causing the same to be delivered by first class mail, postage pre-paid to:

| | |
|---|---|
| Chull S. Park, Esq.      [Pltf]<br>Hyun Suk Choi, Esq.<br>The Park Law Group, LLC<br>23 S. Warren Street - 2nd Floor<br>Trenton NJ   08608 | Jeffrey S. Stephens, Esq. [Westy]<br>Jeffrey S. Stephens, P.C.<br>14 Duncan Drive<br>Greenwich CT  06831 |
| Hendrick Vandamme, Esq. [Stop&Stor]<br>Patrick Joseph Maloney, Esq.<br>Law Offices of Harvey & Vandamme<br>90 Broad Street – Suite 2202<br>New York NY  10004 | John Cooper Lane, Esq.  [Korea]<br>Law Offices of John C. Lane<br>191 Godwin Avenue<br>Wyckoff NJ 07481 |
| David Yita Loh, Esq. [Hong, incl Hong's CrossCl]<br>Cozen O'Connor<br>45 Broadway Atrium – Suite 1600<br>New York NY  10006 | Peter Caccamo-Bobchin, Esq. [Westy]<br>Law Offices of John C. Lane<br>140 Broadway – 46th Fl. PMB46103<br>New York NY  10005 |
| Henry P. Gonzalez, Esq.  [GFA]<br>Rodriguez O'Donnell Gonzalez & Williams, P.C.<br>1211 Connecticut Avenue, N.W. – Suite 800<br>Washington DC  20036 | |

**Dated:   August 21, 2008**

_____
**Carl E. Person (CP 7637)**