SH2_Not1SJM_Declaration_by_Carl_Person.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

| | |
|---|---|
| **EASYTEX CORPORATION LIMITED,** | ECF CASE |
| Plaintiff, | 07 CV 3907 (BSJ) (JCF) |
| -against- | SUPPORTING DECLARATION OF CARL E. PERSON |
| PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, INC., GAVIN FASHION, INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE CENTERS, jointly and severally, | |
| Defendants. | |

-------------------------------------------------------------------------x

I, **Carl E. Person**, declare as follows:

1.. I am the attorney for Defendant American International Line, Inc. ("American"), am fully aware of the facts stated herein, and make this declaration under the penalty of perjury (pursuant to 28 U.S.C. § 1746) in support of American's motion for summary judgment against Plaintiff Easytex Corporation Limited ("Easytex"), for the posting by Easytex of a security bond under Local Civil Rule 54.2, for a stay of all proceedings until a security bond has been posted by the Plaintiff, and for other relief.

1

2..	I have reviewed the evidence in this action and find that there is no evidence supporting any liability of American, and that the making of this summary judgment motion is wholly justified.

3..	I am aware that summary judgment motions are generally made after the close of discovery and that Rule 56(f) is available to a party opposing a summary judgment motion if the party needs discovery to oppose the motion.

4..	In the instant case, American has provided the disclosure needed by the Plaintiff and Court to show that American has no liability.  The action against American is frivolous and burdensome, with the Plaintiff's lawyer dragging out its deposition proceedings inordinately, especially for a party/client that apparently has no money.  This suggests that the only way that the Plaintiff's lawyer is going to get paid is through settlements, and that the burdensome nature of this lawsuit is being used as a litigation tactic to obtain payments through settlements by non-liable co-defendants.

5..	To be able to stop this oppressive litigation before it bankrupts my client, I have decided that the Court needs to be aware of the oppressive nature of the litigation and require the Plaintiff to show that it has evidence against American justifying it to continue this litigation against American.

6..	Also, inasmuch as the Plaintiff is a Chinese corporation with no internet presence whatsoever, as far as I can determine, other than the filing of this lawsuit, and alleges that it has as its headquarters a "flat" occupying part of the 7th floor of an industrial building in Kowloon, Hong Kong; and that it has suffered $1,500,000 in damages for which it seeks recovery – it seems clear that the Plaintiff has no assets or presence to pay any of the formidable litigation costs it is running up in this runaway and oppressive litigation.

7..     The Plaintiff should be required immediately to post a bond in the amount of $500,000 at the outset (presumably as a litigation expense to be advanced by the Plaintiff's lawyers), and that until such security bond is posted all proceedings in this action should be stayed.

8..     I estimate that the cost in legal fees to my client of each 8-hour deposition conducted by the Plaintiff in this case is about $5,000.

9..     The Plaintiff has already conducted a deposition of GFA in which the Plaintiff's lawyer took forever (about 15-20 minutes or so take obtain the name of the person being deposed). I knew that my client could not afford to pay my legal fees for sitting in on 7 or 8 hours of such disclosures and I walked out of the deposition about 1 hour and 20 minutes after the deposition started. Other lawyers at the deposition will confirm, I believe, that the rest of the deposition was equally unproductive.

10..    The Plaintiff has noticed two depositions for my one client, amounting I believe to all of my client's employees. If the Plaintiff does this for each of the 12 co-defendants remaining in this action, there would be a total of 24 deposition I (or some other lawyer would have to attend) on behalf of American, at an unaffordable cost of $5,000 times 24 or $120,000, plus $48,000 in deposition transcript costs (at $2,000 per deposition).

11.     I had opposed the Plaintiff's first request for an extension of discovery, but a first extension was granted by the magistrate judge. I opposed the second request for an extension of discovery, made last week, but the extension was granted anyway. I am resorting to this motion as a way of bringing to the Court's attention the oppressive nature of this litigation with the hope that something can be done to dismiss the co-defendants who do not belong in this litigation, including my client (American) and my former client, Mr. Hong, and others equally deserving to be

dismissed, who I am hoping will join in this motion and make their own complaints about the oppressiveness of the litigation.

I declare under penalty of perjury (pursuant to 28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on August 21, 2008 at New York, New York.

_____
**Carl E. Person**

## CERTIFICATE OF SERVICE

It is hereby certified that on August 21, 2008 a true and correct copy of the foregoing **Supporting Declaration of Carl E. Person** was served on the respective attorneys for the Plaintiff and Co-Defendants by causing the same to be delivered by first class mail, postage pre-paid to:

| | |
|---|---|
| Chull S. Park, Esq.        [Pltf]<br>Hyun Suk Choi, Esq.<br>The Park Law Group, LLC<br>23 S. Warren Street - 2nd Floor<br>Trenton NJ   08608 | Jeffrey S. Stephens, Esq. [Westy]<br>Jeffrey S. Stephens, P.C.<br>14 Duncan Drive<br>Greenwich CT  06831 |
| Hendrick Vandamme, Esq.  [Stop&Stor]<br>Patrick Joseph Maloney, Esq.<br>Law Offices of Harvey & Vandamme<br>90 Broad Street – Suite 2202<br>New York NY  10004 | John Cooper Lane, Esq.  [Korea]<br>Law Offices of John C. Lane<br>191 Godwin Avenue<br>Wyckoff NJ 07481 |
| David Yita Loh, Esq. [Hong, incl Hong's CrossCl]<br>Cozen O'Connor<br>45 Broadway Atrium – Suite 1600<br>New York NY  10006 | Peter Caccamo-Bobchin, Esq. [Westy]<br>Law Offices of John C. Lane<br>140 Broadway – 46th Fl. PMB46103<br>New York NY  10005 |
| Henry P. Gonzalez, Esq.  [GFA]<br>Rodriguez O'Donnell Gonzalez & Williams, P.C.<br>1211 Connecticut Avenue, N.W. – Suite 800<br>Washington DC  20036 | |

**Dated:   August 21, 2008**

_____
 **Carl E. Person (CP 7637)**