**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff Easytex Corporation Limited
Chull S. Park, Esq. (CP2061)
Hyun Suk Choi, Esq. (HC4208)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYTEX CORPORATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, INC., GAVIN FASHION, INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE CENTERS, jointly and severally,<br><br>Defendants. | **Civil Action No. 07-CV-03907 (BSJ) (JCF)**<br><br><br><br>**ECF CASE** |

### MEMORANDUM OF LAW OF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT AND OTHER RELIEF BY DEFENDANT AMERICAN INTERNATIONAL LINE, INC.

On the Brief:    Hyun Suk Choi, Esq.
                 Chull S. Park, Esq.

12625_6

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................3

PRELIMINARY STATEMENT .........................................................................................5

STATEMENT OF FACTS..................................................................................................5

LEGAL ARGUMENT ........................................................................................................8

    A.   THE COURT MUST DENY THE SUMMARY JUDGMENT MOTION OF DEFENDANT AIL BECAUSE DEFENDANT AIL DOES NOT PROVIDE ANY EVIDENCE THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACTS. ............ 8

    B.   NOT ONLY DID DEFENDANT AIL FAIL TO SATISFY ITS BURDEN OF PROOF DEMONSTRATING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT, BUT ALSO EVIDENCE IN THE RECORD CLEARLY DEMONSTRATES THAT THERE ARE GENUINE ISSUES OF MATERIAL FACTS AS TO DEFENDANT AIL'S LIABILITY IN THIS ACTION. .......................................................................................................................14

    C.   ASSUMING ARGUENDO THAT DEFENDANT AIL, INC. SATISFIES ITS BURDEN OF PROOF DEMONSTRATING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT, PLAINTIFF STILL NEEDS TO DEPOSE DEFENDANT AIL TO DISCOVER DEFENDANT AIL'S ACTUAL INVOLVEMENT IN THE ACTIVITIES ALLEGED IN PLAINTIFF'S VERIFIED COMPLAINT.............................................................................18

    D.   THE COURT SHOULD DENY DEFENDANT AIL'S ALTERNATIVE MOTION SEEKING AN ORDER TO COMPEL PLAINTIFF TO FILE A BOND FOR COSTS BECAUSE DEFENDANT AIL FAILS TO DEMONSTRATE THE NECESSITY OF SUCH A BOND.................................................................................................................................21

    E.   THE COURT SHOULD ORDER DEFENDANT AIL TO PAY PLAINTIFF ATTORNEY'S FEES AND COSTS INCURRED IN OPPOSING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AIL. ................................................................26

CONCLUSION .................................................................................................................28

# TABLE OF AUTHORITIES

## Cases

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) .......................................................... 9

Amaker v. Foley, C.O., 274 F.3d 677 (2d Cir. 2001) ..................................................... 10

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................................... 18

Arena Leisure, Ltd. v. LPH Trust, 1992 WL 183403, No. 92 CIV. 0085 (PKL) (S.D.N.Y., July 21, 1992)..................................................................................................... 22, 23, 25

Beautiful Jewellers Private Ltd. v. Tiffany & Co., 2008 WL 2876508, No. 06 Civ. 3085 (KMW) (FM) (S.D.N.Y. July 21, 2008) ...................................................................................... 24

BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn., 77 F.3d 603 (2d Cir. 1996)................................................................................................................... 26, 27

Berger v. United States, 87 F.3d 60 (2d Cir. 1996)........................................................ 18

Beverly Hills Design Studio, Inc. v. Morris, 126 F.R.D. 33 (S.D.N.Y. 1989) ....................... 22, 24

Beyah v. Coughlin, 789 F.2d 986 (2d Cir. 1986).......................................................... 8, 26

Campers' World Int'l Inc. v. Perry Ellis Int'l, Inc., 221 F.R.D. 409 (S.D.N.Y. 2004)................. 10

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)............................................................... 9

Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, (2d. Cir. 1994)................................................ 14

Discover Fin. Services v. Visa U.S.A. Inc., 2008 WL 3884383, No. 04-CV-7844 (BSJ)(DFE) (S.D.N.Y. 2008) ....................................................................................................... 8, 9, 14

Flair Broadcasting Corp. v. Powers, 733 F.Supp. 179 (S.D.N.Y. 1990) ..................................... 26

Flynn v. Goldman, Sachs & Co., 1991 WL 238186, No. 91 Civ 0035 (KMW) (S.D.N.Y. 1991) ......................................................................................................................... 11, 13

Giannullo v. City of New York, 322 F.3d 139 (2d Cir. 2003)................................. 9, 10, 11, 12

Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94 (2d Cir. 2000)).................................... 19

Hollander v. American Cyanamid Co., 172 F.3d 192 (2d Cir. 1999) ..................................... 12, 26

Holtz v. Rockefeller & Co., Inc., 258 F.3d 62 (2d Cir. 2001)................................................. 9

Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414 (2d Cir. 1989) ................ 20

Hunt v. Cromartie, 526 U.S. 541 (1999) ....................................................................... 14

John Hancock Property and Cas. Ins. Co. v. Universale Reinsurance Co., Ltd., 147 F.R.D. 40 (S.D.N.Y. 1993) ...................................................................................................... 26

Mann v. Levy, 776 F. Supp. 808 (S.D.N.Y. 1991) ......................................................... 23

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986) ....................... 14

S.W.B. New England, Inc. v. R.A.B. Food Group, LLC, 2007 WL 1753067, No. 06 Civ. 15357 (GEL) (S.D.N.Y. 2007).............................................................................................. 19

Selletti v. Carey, 173 F.3d 104 (2d Cir. 1999) ............................................................... 22

Selletti v. Carey, 173 F.R.D. 96 (S.D.N.Y. 1997)............................................................ 22

Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552 (S.D.N.Y. 2004) .............. 10

Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506 (2d Cir. 1989) ...................... 18

Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241 (2d Cir. 2004)....................... 8, 9

Zen Music, Inc. v. CVS Corp., 1999 WL 225530, No. 98 CIV. 4246 (DLC) (S.D.N.Y. April 19, 1999).................................................................................................................... 22

## Rules

Fed. R. Civ. P. 30(a)(2) ............................................................................................ 25

Fed. R. Civ. P. 56 ................................................................................................... 12

Fed. R. Civ. P. 56(c) ..................................................................................................... 9
Fed. R. Civ. P. 56(e) ..................................................................................................... 9
Fed. R. Civ. P. 56(f) ................................................................................................... 19
Fed. R. Civ. P. 56(g) ............................................................................................ 5, 26
Local Civ. R. 54.2\\ ...................................................................................................... 21
Local Civ. R. 56.1 .................................................................................................. 9, 12

## PRELIMINARY STATEMENT

Plaintiff Easytex Corporation Limited ("Plaintiff") respectfully requests the Court to deny the motion for summary judgment and other relief by Defendant American International Line ("Defendant AIL") because (1) Defendant AIL fails to satisfy its initial burden of proof; (2) there are genuine issues of material facts as to Plaintiff's causes of action against Defendant AIL; (3) Defendant AIL's summary judgment motion is premature due to the pending depositions of Defendant AIL and other pending discovery; (4) Defendant AIL fails to provide a legitimate basis to support its request to have Plaintiff file a bond.  Lastly, Plaintiff also respectfully requests the Court to award attorney's fees and costs to Plaintiff because of the clear violations of Fed. R. Civ. P. 56(g) committed by the employee and counsel of Defendant AIL, including but not limited to perjured statements by the employee of Defendant AIL.

## STATEMENT OF FACTS

Although the facts as known to Plaintiff are more fully set out in its First Amended Verified Complaint ("V. Compl.") filed on June 3, 2008, we provide the relevant facts as related to Defendant AIL for purposes of Plaintiff's opposition to the motion for summary judgment and other relief of Defendant AIL.  See generally V. Compl.

On or about May 15, 2006, Baro Shipping Co., Ltd. ("Baro Shipping") and JHS IN'T ("JHS") requested Plaintiff to manufacture certain textile goods ("the Goods") to be resold to a certain importer ("U.S. Importer") located in the United States.  Id. ¶ 57.  Plaintiff thereafter, through subcontractors, manufactured the Goods pursuant to a purchaser order between JHS and Plaintiff.  Id. ¶¶ 62 - 64.  However, for reasons beyond the control of Plaintiff and after the

Goods arrived in the United States, Baro Shipping told Plaintiff that the U.S. Importer declared bankruptcy, and thus, Baro Shipping, JHS, and the U.S. Importer would not be able to make payment for the Goods manufactured by Plaintiff. Id. ¶¶ 66 - 68. Baro Shipping suggested to Plaintiff that Baro Shipping hold onto custody of the Goods in order to secure a different buyer of the Goods. Id. ¶¶ 69 - 70. Baro Shipping then contacted Top Ten Trans, Inc. ("Top Ten"), GFA, Inc. ("GFA"), and Defendant AIL to arrange for the transportation of some of the Goods from the United States to South Korea. Id. ¶ 72.

On or about August 14, 2006, Baro Shipping contacted Plaintiff regarding a new prospective purchaser located in the United States, Chul Kyu Kim a/k/a Kim Chul Kyu a/k/a Chuk Chul Kim a/k/a Robert Chul Kim a/k/a Chul Kyoo Kim a/k/a Chulkyoo Kim a/k/a Kim K. Chul ("Kim"), who offered to purchase the Goods. Id. ¶ 74. Baro Shipping convinced Plaintiff to accept Kim's offer by stating that Plaintiff would not be able to recover any monies for the Goods unless Plaintiff accepts Kim's offer. Id. ¶ 75. Upon reliance on Baro Shipping's representations regarding Kim, on or about August 17, 2006, Plaintiff entered into a written contract with Peter & Frank of NY, Corp. ("Peter & Frank), a company owned by Kim, in which Plaintiff agreed to sell the Goods to Peter & Frank where Kim personally was obligated to purchase the Goods for the sum of $1,469,740.00 ("the Contract"). Id. ¶ 76. Baro Shipping represented to Plaintiff that Baro Shipping would again transport the Goods from where they were located to New York, New York where Kim was doing business. Id. ¶ 77.

Baro Shipping then contacted Top Ten, GFA, and Defendant AIL to arrange for the transportation of the Goods to New York, New York. Id. ¶ 103. Baro Shipping, Top Ten, GFA, or Defendant AIL contracted with 3 Win, Inc. and Mercury[1] to transport the Goods for delivery

---

[1] According to Defendant AIL, Defendant AIL's trade name is "Mercury." See Defendant AIL's

in New York, New York. Id. ¶ 104. Kim, Peter & Frank, Baro Shipping, Top Ten, GFA, and Defendant AIL contracted with certain purchasers to sell, transfer, transport or store the Goods to certain places of delivery in New York, New York. Id. ¶ 105.

Kim, Peter & Frank, Top Ten, GFA, Defendant AIL, 3 Win, Mercury, and others improperly released and received the Goods, without the proper presentation and receipt of the applicable shipping documents including but not limited to, the endorsed bills of lading. Id. ¶ 107. Subsequently, Kim, Peter & Frank, Top Ten, GFA, Defendant AIL, 3 Win, and Mercury transported, sold or transferred the Goods to others. Id. ¶ 108. Baro Shipping, Top Ten, GFA, Defendant AIL, 3 Win, and Mercury knew or should have known that Kim, Peter & Frank or they did not have rightful title to the Goods. Id. ¶ 113. Without proper presentation and receipt of the applicable shipping documents for the Goods and without proper title to the Goods, Defendant AIL even after litigation was commenced transported or sold the Goods to others. See Declaration of Hyun Suk Choi, Esq. ("Hyun Choi Decl.", ¶ 31. Further, even after this action was commenced by Plaintiff, Defendant AIL continued to communicate with Kim, who disappeared after appearing in this action through counsel and as a *pro se* party. See id., ¶ 32.

---

Am. Answer to 1st Am. V. Compl. filed on July 15, 2008.

## LEGAL ARGUMENT

**A.    THE COURT MUST DENY THE SUMMARY JUDGMENT MOTION OF DEFENDANT AIL BECAUSE DEFENDANT AIL DOES NOT PROVIDE ANY EVIDENCE THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACTS.**

Without providing any legal authority or evidence that there are no genuine issues of material facts, Defendant AIL simply argues in the heading of its legal argument that it "has done nothing to be liable to the Plaintiff for anything alleged by the Plaintiff in its [First Amended] Verified Complaint." See Mem. of Law by Def. AIL in Supp. of Its Mot. for Summ. J ("Def. AIL's Mem."), at 2.    Under the judicial decisions of the Second Circuit and U.S. Supreme Court, Defendant AIL must initially show that are no genuine issues of material facts to support its motion for summary judgment. See Discover Fin. Services v. Visa U.S.A. Inc., 2008 WL 3884383, No. 04-CV-7844 (BSJ)(DFE), slip op. at 1 (S.D.N.Y. 2008) (citing Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).    However, Defendant AIL submits a deficient Rule 56.1 Statement because Defendant AIL merely cites the Supporting Declaration of Yoona Choi ("Yoona Choi Decl."), who is an employee of Defendant AIL, to argue that there are no genuine issues of material facts.    The Supporting Declaration of Yoona Choi is nothing more than a self-serving affidavit, which "cannot be used to establish the existence of a genuine factual dispute." See Beyah v. Coughlin, 789 F.2d 986 (2d Cir. 1986). Indeed, Defendant AIL devotes an entire paragraph of three sentences to argue that summary judgment should be granted in its favor. See Mem. of Law by Defendant AIL in Support of its Mot. for Summ. J. ("Def. AIL's Mem.") at 2.    Since Defendant AIL blatantly fails to satisfy its initial burden of proof that there are no genuine issues of material facts, the Court should deny

Defendant AIL's summary judgment motion.

The Court should deny a motion for summary judgment unless "the pleadings, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant must satisfy its "burden to show that no genuine factual dispute exists." Discover Fin. Services v. Visa U.S.A. Inc., 2008 WL 3884383, No. 04-CV-7844 (BSJ)(DFE), slip op. at 1 (S.D.N.Y. 2008) (citing Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

Pursuant to Local Civ. R. 56.1 ("R. 56.1"), the movant must submit a statement of the allegedly undisputed facts on which the movant, together with citation to the admissible evidence of record supporting each facts. Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003). A R. 56.1 statement alone "does not absolve [the movant] of the burden of showing that it is entitled to judgment as a matter of law, and [the R.] 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Id. (citing Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001)). If the movant fails to satisfy "its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing." Id. at 140 - 141. (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970)); see also Fed. R. Civ. P. 56(e) Advisory Committee note (1963). Further, "the burden of the non-movant to respond arises only if summary judgment motion is properly 'supported[,]' and therefore summary judgment only is 'appropriate' when the [movant] has met its burden of production under Fed. R. Civ. P. 56(c) 'to show initially the absence of a genuine issue concerning any material fact.'" Amaker v. Foley,

C.O., 274 F.3d 677, 681 (2d Cir. 2001) (vacating the district court's order granting summary judgment that was solely based on the failure of the plaintiff to file any papers in opposition to the defendant's summary judgment motion); see also, Giannullo, supra, at 144 (stating, "[the non-movant] bears the burden of responding **only after** [the movant] has met its burden of coming forward with proof of the absence of any genuine issues of material fact"). (Emphasis added). "[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker, supra, at 681.

Notably, "it is [this] district court's practice that bringing summary judgment motions prior to the end of discovery will prevent the movant from bringing the same motion on the same grounds at the close of discovery" because "it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion." Campers' World Int'l Inc. v. Perry Ellis Int'l, Inc., 221 F.R.D. 409 (S.D.N.Y. 2004) (citing Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552 (S.D.N.Y. 2004).

In Giannullo, the plaintiff brought a §1983 action against the defendant city, alleging that his arrest on drug possession charges was made without probable cause. The district court in Giannullo granted the defendant's summary judgment in favor of the defendant city solely based upon the defendant city's Rule 56.1 statement, which failed to show the absence of a genuine issue of material facts. Id. at 140 – 142. In reversing the district court's decision, the Second Circuit stated that nothing in Fed. R. Civ. P. 56 would justify the defendant city in such a situation in simply asserting certain facts, "without any supporting evidence whatever [sic], and

claim thereby to have shifted the burden to the plaintiff to disproving it." Id. at 141. Interestingly, in an unreported decision of this Court, this Court denied the defendant's motion for orders to (1) set a schedule for its proposed summary judgment motion and (2) stay discovery pending the defendant's summary judgment motion because the defendant's moving papers did not suggest that its proposed motion will turn on any issue of law and only admitted that the issue will be the "veracity" of the plaintiff's complaint. Flynn v. Goldman, Sachs & Co., 1991 WL 238186, No. 91 Civ 0035 (KMW) (S.D.N.Y. 1991) (awarding attorney's fees and costs to the plaintiff, which was incurred in opposing the defendant's motion because the defendant's motion for an order to stay discovery pending the defendant's summary judgment motion was filed "**solely for purposes of obstruction and delay**, while also increasing the cost to [the] plaintiff of pursuing this action"). (Emphasis added).

In the present case, like the defendants in Giannullo, Defendant AIL clearly fails to demonstrate the absence of a genuine issue of material fact. Defendant AIL relies on its Rule 56.1 Statement to allege it has no liability to Plaintiff. However, Defendant AIL provides no support or explanation as to which portions of its Rule 56.1 Statement prove the absence of a genuine issue of material fact. See Def. AIL's Mem., at 2. Defendant AIL does not provide any citation to specific paragraph numbers of any documents in the record. Id. Like the Rule 56.1 statement of the defendants in Giannullo, Defendant AIL's Rule 56.1 Statement does not provide any supporting evidence except for the declaration of Yoona Choi, Defendant AIL's Assistant Operation Manager, which simply asserts certain irrelevant or immaterial facts. For example, Yoona Choi declares that Defendant AIL "has nothing to do with [Plaintiff's] loss and has no liability to [Plaintiff]. See Yoona Choi Decl., ¶ 15. However, this is the mere opinion of Yoona Choi rather than a substantiated fact. As the Giannullo court emphasized, Rule 56.1 statement

"is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Further, although its summary judgment motion must be decided as a matter of law, Defendant AIL did not provide any legal authority to support its position.

Surprisingly, the only "legal" authority Defendant AIL presented was the opinion of counsel for Defendant AIL in which he declares in his own declaration that "I have reviewed the evidence in this action and find there is no evidence supporting any liability of [Defendant AIL]." See Supporting Declaration of Carl Person ("Person Decl."), ¶2. Again, this is the mere opinion of counsel, not fact supported by the record. Obviously, such declaration of Defendant AIL's counsel is an utter disregard of the requirements set forth by Fed. R. Civ. P. 56 and R. 56.1. Indeed, Defendant AIL merely cites its Verified Answer and Rule 56.1 Statement in their entirety to support its proposition that Defendant AIL "has done nothing to have any liability to the Plaintiff." See Def. AIL's Mem., at 2. Defendant AIL's legal argument supporting summary judgment is nothing more than a reiteration of its answer to Plaintiff's First Amended Verified Complaint. Id.

As pointed out by the Giannullo court, since Defendant AIL fails to satisfy its initial burden proving that there is no genuine issue of material fact, Plaintiff's burden of responding to Defendant AIL's motion is not triggered. See Giannullo, supra, at 144. Only after Defendant AIL "meets its burden of coming forward with proof of the absence of any genuine issues of material fact[,]" must Plaintiff then provide proof of the existence of genuine issues of material facts. Id. Defendant AIL merely implements self-serving affidavits that contain conclusory facts and conclusions of law to attempt to support its motion for summary judgment. See Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999).

Interestingly, as the defendant in Flynn, it appears that the only basis for Defendant AIL

to file this instant motion is to challenge the "veracity" of Plaintiff's Verified Complaint when counsel for Defendant AIL argues that "[t]he action against [Defendant AIL] is frivolous and burdensome .... This suggests that the only way that the Plaintiff's lawyer is going to get paid is through settlements, and that the burdensome nature of this lawsuit is being used as a litigation tactic to obtain payments through settlements by non-liable co-defendants." See Person Decl., ¶ 4. Also, counsel for Defendant AIL declares under oath that "Plaintiff has no assets or presence to pay any of the formidable litigation costs it is running up in this runaway and oppressive litigation." Id., ¶ 6. Notably, the Flynn court imposed sanctions against the defendant for such conduct by awarding attorney's fees and costs to the plaintiff. Flynn, supra.

Indeed, like the defendant in Flynn, it is apparent that Defendant AIL filed this instant motion "solely for purposes of obstruction and delay" and simply ignores the Court's most recent Order regarding the discovery schedule. See Hyun Choi Decl., ¶ 21. Defendant AIL's such tactics unnecessarily increase the cost to Plaintiff of pursuing this action. Even though Plaintiff sent its notice of deposition of representative of Defendant AIL in January of 2008, counsel for Defendant AIL either has requested an adjournment due to his time conflict or has not responded to Plaintiff's repeated requests for deposition of Defendant AIL's representative, specifically, Yoona Choi, at all. See Hyun Choi Decl., ¶¶ 8 - 24. Defendant AIL files this summary judgment motion while Plaintiff's deposition of Yoona Choi is pending and seemingly provides Yoona Choi's declaration to support its motion and to attempt to avoid a deposition. See Yoona Choi Decl. As a result, Plaintiff is currently deprived of its opportunity to depose Yoona Choi. See Hyun Choi Decl., ¶ 23. Moreover, as the Campers' World court stated, since Defendant AIL filed this instant summary judgment motion prior to the end of discovery, the Court should preclude Defendant AIL from bringing the same motion on the same grounds at the close of

discovery.

Therefore, since Defendant AIL fails to produce any evidence that there are genuine issues of material facts, the Court should deny its summary judgment motion.

**B.    NOT ONLY DID DEFENDANT AIL FAIL TO SATISFY ITS BURDEN OF PROOF DEMONSTRATING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT, BUT ALSO EVIDENCE IN THE RECORD CLEARLY DEMONSTRATES THAT THERE ARE GENUINE ISSUES OF MATERIAL FACTS AS TO DEFENDANT AIL'S LIABILITY IN THIS ACTION.**

The Court must deny this instant motion because evidence in the record demonstrates that there are genuine issues of material fact regarding Defendant AIL's liability to Plaintiff. In order to determine whether a summary judgment motion is appropriate, the court "must resolve all ambiguities and draw all inferences against the moving party." Discover, supra, at 1 (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Summary judgment is not proper "if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party." Id. (citing Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d. Cir. 1994); see also, Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (stating "in ruling on a motion for summary judgment, the [non-movant's] evidence is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor").

In the present case, as previously discussed, Defendant AIL attempts to use the declarations of Yoona Choi and its counsel to demonstrate that there are no genuine issues of material facts. However, Yoona Choi discloses additional information for the first time through her declaration to support this instant summary judgment motion. Indeed, rather than demonstrating the absence of genuine issues of material facts, the additional information in the declaration of Yoona Choi creates genuine issues of material facts because of inconsistencies

within her declaration.

In Yoona Choi's declaration, Yoona Choi declares under penalty of perjury that "[a]t no time did [Defendant AIL] see, touch, or take title to or possession of any of the goods ... at issue in this lawsuit." See Yoona Choi Decl., ¶ 6. In stark contrast to such a statement, Yoona Choi also declares that Defendant AIL took some portions of Plaintiff's goods and sold them for about $2,000.00. Id., ¶¶ 7 – 8. This clearly creates a genuine issue of material fact related to Plaintiff's conversion cause of action against Defendant AIL since Defendant AIL sold Plaintiff's goods when Defendant AIL did not have title to the goods. See Count V of V. Compl. Next, Yoona Choi declares that Peter & Frank "authorized" Defendant AIL to "take the 100 boxes remaining in storage." See Yoona Choi Decl., ¶ 7. This also creates a genuine issue of material fact related to Plaintiff's civil conspiracy and fraud causes of action because Defendant AIL seems to have agreed with Peter & Frank or Kim to defraud Plaintiff by selling Plaintiff's goods without proper authorization or knowledge of Plaintiff. See Count VII and Count VIII of V. Compl. Yoona Choi further declares that Defendant AIL made payments for alleged transportation of the Goods to the other defendant Korea Express USA on behalf of Peter & Frank even though Peter & Frank allegedly had owed money to Defendant AIL and did not "reimburse [Defendant AIL] for its payments to Korea Express USA." See Yoona Choi Decl., ¶¶ 7 – 8. This also confirms the existence of a genuine issue of material fact that Defendant AIL may have knowingly assisted Peter & Frank's wrongdoing alleged in Plaintiff's Verified Complaint.

Further, Yoona Choi also declares under oath that Defendant AIL "received copies of each of the 7 Top Ten bills of lading, which [Defendant AIL] needed to give to co-defendant Hong to obtain customs clearance." See Yoona Choi Decl., ¶ 13. However, this statement does not show (1) the identity of a party who sent the alleged "7 Top Ten bills of lading" to Defendant

AIL and (2) whether the alleged bills of lading were properly endorsed. This statement demonstrates that there are genuine issues of material facts as to Plaintiff's misdelivery of cargo and negligence causes of action against Defendant AIL because it appears that Defendant AIL had Hong, the other defendant, use improper bills of lading to "obtain customs clearance."

Yoona Choi also declares that Defendant AIL "had nothing to do with the release of the containers to anyone." See Yoona Choi Decl., ¶ 14. However, during the deposition of Ms. Iris Shon, representative of Top Ten, Ms. Shon testified that she believed that Defendant AIL (referred to as its d/b/a "Mercury") gave a certain delivery order issued by U.S. Customs and had 3 Win, a trucking company hired by Defendant AIL, use the delivery order to pick up the Goods at "NJIT Terminal" when Plaintiff's goods arrived at "NJIT." [2] See Hyun Choi Decl, ¶ 33 (at 75 – 79). Ms. Shon's testimony in conjunction with Yoona Choi's statement produces genuine issues of material facts as to whether Defendant AIL was involved in the unauthorized release of the Goods. Ms. Shon also testified, "I contacted [Defendant AIL] thinking that it might be a fraud because [Kim] took the shipment and disappeared .... So the person in charge of this at [Defendant AIL] said that [Defendant AIL's] customer is [Kim], and then [Defendant AIL] is not able to release any information to me." See id., at 48 – 49. Ms. Shon further testified that in response to her inquiries about the location of the Goods, Defendant AIL refused to disclose any further information to Ms. Shon. See id. at 80. Ms. Shon's such testimony regarding Defendant AIL's involvement in the unauthorized release of the Goods and refusal to disclose any further information about the location of the Goods clearly creates genuine issues of material facts as to Defendant AIL's wrongdoing alleged in Plaintiff's Verified Complaint. Surprisingly, Ms. Shon

[2] Counsel for Defendant AIL incorrectly declares that "Plaintiff has already conducted a deposition of GFA[.]" See Person Decl., ¶ 9. However, if counsel for Defendant AIL had remained at the deposition of Ms. Shon, he would have learned about the relationship among Top Ten, GFA, and Ms. Shon.

testified that if Defendant AIL had disclosed all the information Ms. Shon requested from Defendant AIL, "none of these things could have possibly happened." See id. (at 118). Apparently, Defendant's refusal to disclose Ms. Shon's requested information creates genuine issues of material facts as to the intention of Defendant AIL as well as Peter & Frank to defraud Plaintiff. Notably, if counsel for Defendant AIL remained at the deposition of Ms. Shon, he would have certainly learned of this testimony. See Hyun Choi. Decl. ¶¶ 25 - 30.

Additionally, all documents produced to date by the parties also demonstrate that there are genuine issues of material facts as to Defendant AIL's significant involvement in the subject activities alleged in Plaintiff's Verified Complaint. Initially, Defendant AIL's own documents show that the Goods were transported or sold under Defendant AIL's instructions to the other defendants **even after** this litigation commenced. See Hyun Choi Decl., ¶ 31. There are numerous documents prepared by Defendant AIL in which Defendant AIL instructed various parties to transport the Goods to various locations. See Hyun Choi Decl., ¶ 34.

Moreover, Certification of the other defendant Soon Chan Hong ("Hong's Certification') demonstrates that Defendant AIL arranged almost every transaction alleged in Plaintiff's Verified Complaint. For instance, Hong certifies under oath that "[a]lthough my invoices state that I billed my services to the Consignees, I actually received payment from only [Defendant] AIL for the services I rendered with respect to the shipments alleged in Plaintiff's Verified [] Complaint." See Hyun Choi Decl., ¶ 32. Although Ms. Shon requested additional information about the location of the Goods, Defendant AIL seemingly met and communicated with Kim while allegedly Ms. Shon thought that Kim disappeared after illegally obtaining the Goods. See Hyun Choi Decl., ¶¶ 32 and 33 (at 42 – 45). Further, although the other defendant Westy Storage Centers ("Westy") denies receiving any of the Goods, Defendant AIL's document states

that some of the Goods were delivered to Westy's facility. <u>See</u> Hyun Choi Decl. ¶¶ 35 - 36.

Since it is clear from the record that Defendant AIL played a significant role in the illegal activities alleged in Plaintiff's Verified Complaint, which demonstrates genuine issues of material facts, the Court should deny Defendant AIL's summary judgment motion. Further, as discussed below, had Defendant AIL produced Yoona Choi as per Plaintiff's deposition notice and subsequent requests, Yoona Choi's testimony will likely produce more material facts as to Defendant AIL's potential liabilities toward Plaintiff.

**C.    ASSUMING *ARGUENDO* THAT DEFENDANT AIL SATISFIES ITS BURDEN OF PROOF DEMONSTRATING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT, PLAINTIFF STILL NEEDS TO DEPOSE DEFENDANT AIL TO DISCOVER DEFENDANT AIL'S ACTUAL INVOLVEMENT IN THE ACTIVITIES ALLEGED IN PLAINTIFF'S VERIFIED COMPLAINT.**

Defendant AIL's motion for summary judgment is premature because Plaintiff did not have the opportunity to depose Defendant AIL's representatives, including but not limited to, Yoona Choi. Generally, a motion for summary judgment is premature when discovery is not completed. <u>See</u> <u>Berger v. United States</u>, 87 F.3d 60, 65 (2d Cir. 1996). Summary judgment should be granted only "if **after discovery**, the [non-movant] has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." <u>Id.</u> (Emphasis added). "The [non-movant] must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." <u>Trebor Sportswear Co. v. The Limited Stores, Inc.</u>, 865 F.2d 506, 511 (2d Cir. 1989) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986)). A genuine issue for trial exists if, **based on the record as a whole**, a reasonable jury could find in favor of the non-movant. <u>Anderson</u>, <u>supra</u>, at 248. (Emphasis added). The absence of a **complete record** ordinarily precludes granting summary judgment. <u>S.W.B. New England, Inc. v. R.A.B. Food Group, LLC</u>, 2007 WL 1753067, No. 06

Civ. 15357 (GEL), slip op. at 1 (S.D.N.Y. 2007). (Emphasis added). Accordingly, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not afforded [sic] the opportunity to conduct discovery." Id. at 2 (quoting Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000)).

In S.W.B., the defendant moved for summary judgment although the parties had not undertaken discovery at that point other than the limited discovery related to the defendant's previous application for preliminary injunction. Id. at 1. In his motion for summary judgment, the defendant "categorically denie[d] each and every allegation against him made in the complaint" and submitted in support of his motion certain affidavits of the defendant's employees. Id. at 1, 3. The plaintiff argued that summary judgment was premature at that time in the litigation because the plaintiff had not yet had a chance to conduct discovery and had no opportunity to conduct any depositions of the defendants' employees who signed the affidavits before the defendant filed his motion for summary judgment. Id. at 2, 3. Notably, in rejecting the defendant's argument that the plaintiff did not "come forward with specific facts" in support of its claim but instead relied on "speculation and innuendo," the S.W.B. court emphasized that "the uncovering of 'specific facts' is the goal of discovery" and that "generally, a party is neither expected nor required to state the 'specific facts' of its claim in its pleadings. Id. at 4. As a result, the S.W.B. court denied the defendant's summary judgment motion and stated that the motion was premature until such discovery would be completed. Id.

Pursuant to Fed. R. Civ. P. 56(f), in the event that a non-movant has not been able to present "facts essential to justify the [non-movant's] opposition before the movant files a summary judgment motion, the court may refuse the summary judgment motion or may order a continuance to permit … depositions to be taken or discovery to be had or make such other order

as is just." Generally, "a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, (4) why the affiant was unsuccessful in those efforts." Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 422 (2d Cir. 1989).

Here, as the defendant in S.W.B., Defendant AIL moves for summary judgment and submits a declaration of its employee, Yoon Choi, while the deposition of Yoona Choi is pending. Despite Plaintiff's deposition notice to Defendant AIL in January of 2008 and Plaintiff's subsequent requests for available dates, Defendant AIL has refused to produce Yoona Choi. See Hyun Choi Decl., ¶¶ 8 - 24. Instead, in an apparent attempt to delay this action needlessly, Defendant AIL files this premature summary judgment motion merely "as a way to bring[] to the Court's attention the oppressive nature of this litigation." See Person Decl., ¶ 11. Indeed, counsel for Defendant AIL declares under oath that he is "aware that summary judgment motions are generally made after the close of discovery." Id., ¶ 3. Furthermore, Defendant AIL is fully aware that Plaintiff's deposition of Ms. Shon has not been completed and the continued deposition of Ms. Shon will likely reveal more facts regarding Defendant AIL's involvement in the illegal activities alleged in Plaintiff's Verified Complaint. As a result, Plaintiff is still seeking to further discover facts essential to Plaintiff's opposition to Defendant AIL's summary judgment motion and to Plaintiff's Verified Complaint. Indeed, Defendant AIL is requesting the Court to determine the instant motion without a complete record as to potential liabilities of Defendant AIL and the other defendants in this action. Under these circumstances, the Court should deny this summary judgment motion.

Further, pursuant to Fed. R. Civ. P. 56(f), Plaintiff is also providing its counsel's

declaration, which explains that (1) through depositions of representatives of Defendant AIL including Yoona Choi and representatives of other defendants, including Top Ten, GFA, and Korea Express USA, Plaintiff is seeking more facts related to Defendant AIL's involvement in the activities alleged in Plaintiff's Verified Complaint and its communications with the other defendants, individuals and entities identified in documents produced by the parties of this action; (2) Plaintiff expects that the facts obtained through such depositions will create genuine issues of material facts as to Plaintiff's causes of action against Defendant AIL; (3) despite Plaintiff's previous numerous attempts to depose Yoona Choi, counsel for Defendant AIL has refused to produce Yoona Choi and other representatives of Defendant AIL. See Hyun Choi Decl. ¶¶ 8 - 24. Plaintiff is requesting the Court to enforce the Order dated August 11, 2008 allowing all the parties to continue discovery until the discovery end date, which is currently October 31, 2008. See Hyun Choi Decl. ¶ 21. Therefore, the Court should deny Defendant AIL's request for a stay of proceeding.

**D.    THE COURT SHOULD DENY DEFENDANT AIL'S ALTERNATIVE MOTION SEEKING AN ORDER TO COMPEL PLAINTIFF TO FILE A BOND FOR COSTS BECAUSE DEFENDANT AIL FAILS TO DEMONSTRATE THE NECESSITY OF SUCH A BOND.**

By solely relying on its own baseless conclusions concerning Plaintiff's financial condition, Defendant AIL fails to provide any factual evidence demonstrating the necessity of a bond for costs. Pursuant to Local Civ. R. 54.2 ("R. 54.2"), the court, on motion, may order a party to file an original bond for costs or additional security for costs, the primary purpose of the bond requirement is to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreasonably by the time such costs actually are awarded.

See generally, Selletti v. Carey, 173 F.3d 104, 112 (2d Cir. 1999). In determining the bond required under R. 54.2, courts generally considered (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. See generally, Selletti v. Carey, 173 F.R.D. 96, 100-101 (S.D.N.Y. 1997). Security for costs can be "included in a cost bond where the defendant was entitled to attorney's fees **by statute**." Beverly Hills Design Studio v. Morris, 126 F.R.D. 33, 36-37 (S.D.N.Y. 1989). (Emphasis added).

Notably, in an unpublished decision by this Court, this Court denied defendants' R. 54.2 motion when the defendants failed to present any supporting evidence. Zen Music, Inc. v. CVS Corp., 1999 WL 225530, No. 98 CIV. 4246 (DLC), slip op. at 1 (S.D.N.Y. April 19, 1999). In Zen, a copyright infringement action, in filing its R. 54.2 motion, the defendants alleged that the plaintiff was a small company and it may not be able to answer in damages in the likely event defendants prevail. Id. at 1. However, the defendants did not present any "evidence -- financial or otherwise -- to support the conclusion that [the plaintiff] would be unable to satisfy any award which may be granted to the defendants" under the Copyright Act. Id. Unlike the defendants, the plaintiff in Zen presented specific evidence demonstrating the plaintiff's annual revenue and assets to rebut the defendants' baseless allegation regarding the plaintiff's solvency and capacity to pay. Id. Understandably, this Court in Zen denied the defendants' R. 54.2 motion.

A R. 54.2 movant must provide the court with a rational basis for setting the amount of the cost bond; otherwise, the motion must be denied. See generally, Arena Leisure, Ltd. v. LPH Trust, 1992 WL 183403, No. 92 CIV. 0085 (PKL) (S.D.N.Y., July 21, 1992). In Arena, this Court analyzed the meaning of the term "costs" stated in R. 54.2. This Court distinguished costs

and fees from expenses by stating that while expenses "include all the expenditures actually made by a litigant in connection with the action[, ...] fees and costs are expenses but by no means constitute all of them." Id. at 3 (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, §2666, at 173-74). For instance, "absent a special statute or an exceptional exercise of judicial discretion, such items as **attorney's fees**, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs." Id. (Emphasis added). With this principle in mind, this Court in Arena made clear that attorneys' fees are not taxable under R. 54.2 even if the movant incurred attorneys' fees in connection with depositions in the action. Id. at 4.

In addition, if a R. 54.2 motion is based on the costs of prospective depositions, the depositions should be identified and the purpose for which the depositions will be used should be specified. Id. As to deposition transcript costs, a R. 54.2 movant shall not be entitled to recover "transcript costs for depositions that are not so used" because "the cost of depositions that simply are investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable." Id. In other words, unless such deposition transcripts are "(1) used by the court in ruling on a motion for summary judgment or similar substantive motion, if any, or (2) used at the trial or received in evidence," the movant shall not be entitled to recover such transcript costs. Id. Lastly, the amount of the bond should not "seriously impede" the plaintiff's ability to prosecute the action. Mann v. Levy, 776 F. Supp. 808 (S.D.N.Y. 1991).

In the present case, the only basis of Defendant AIL's R. 54.2 motion is as follows: (1) Plaintiff is "a Chinese corporation with no internet presence ... other than the filing of this lawsuit" and (2) since Plaintiff "has suffered $1,500,000 damages for which it seeks recovery [in this action] ... Plaintiff has no assets or presence to pay any of the formidable litigation." See

Person Decl. ¶ 6. However, Plaintiff, through its initial disclosures, already provided its company information to all parties in this action. Similar to the defendant in <u>Zen</u>, <u>supra</u>, except for an apparent Google search, Defendant AIL also did not conduct any due diligence regarding Plaintiff to support its argument for a R. 54.2 bond and fails to present any evidence – financial or otherwise – to support its conclusion that Plaintiff would be unable to satisfy any award granted to Defendant AIL. By contrast, like the plaintiff in <u>Zen</u>, Plaintiff provides evidence regarding its financial health: (1) Plaintiff currently has 22 employees; (2) Plaintiff's gross revenue for 2006 and 2007 is approximately $7.5 million and $11 million, respectively; (3) Plaintiff's assets for 2006 and 2007 is approximately $1.2 million and $1.8 million, respectively. <u>See</u> Hyun Choi Decl., ¶ 37.

Defendant AIL's heavy reliance on <u>Beautiful Jewellers Private Ltd. v. Tiffany & Co.</u>, 2008 WL 2876508, No. 06 Civ. 3085 (KMW) (FM) (S.D.N.Y. July 21, 2008) is misplaced. <u>See</u> Def. AIL's Mem., at 4 – 7. Unlike the present case, the defendant in <u>Beautiful</u> filed its R. 54.2 motion based upon "confirmation that [the plaintiff's] assets [had] been transferred to another company, thereby rendering [the plaintiff] a shell corporation." <u>Beautiful</u>, <u>supra</u>, at 1. The defendant in <u>Beautiful</u> also "proffered a series of documents which support" its belief that the plaintiff transferred its assets to a different company "in order to avoid a levy against [the plaintiff]." <u>Id.</u> Defendant AIL does not have any evidence such as the evidence offered in <u>Beautiful</u>. Thus, Defendant AIL's reliance on <u>Beautiful</u> is without merit.

Further, Defendant AIL does not provide any basis of its belief that Defendant AIL would be entitled to attorney's fees and costs in this action. As the <u>Beverly Hills</u> court stated, security for costs can be "included in a cost bond where the defendant [is] entitled to attorney's fees by statute." <u>Beverly Hills</u>, <u>supra</u>. However, Defendant AIL fails to provide any statute or

legal authority, entitling it to receive attorney's fees or costs. In addition, Defendant AIL fails to provide a rational basis for setting the amount of the cost bond. As the <u>Arena</u> court clearly emphasized, attorney's fees are not taxable under R. 54.2 even if Defendant AIL may incur attorneys' fees arising from depositions in this action. Moreover, while Fed. R. Civ. P. 30(a)(2) limits the number of depositions that Plaintiff can conduct without leave of the Court to only 10 depositions, Defendant AIL calculates its deposition transcript costs based upon **24** depositions. <u>See</u> Def. AIL's Mem., at 7. Defendant AIL also makes a baseless assumption that Plaintiff would conduct two depositions of each of the defendants totaling 24 depositions. Notably, the <u>Arena</u> court clearly stated that deposition transcript costs are only recoverable only if depositions transcripts are used by the court in ruling or used at the trial. <u>See</u> <u>Arena</u>, <u>supra</u>. Accordingly, Defendant AIL's alleged basis for setting the amount of the cost bond in the sum of $500,000.00 is without merit. <u>See</u> Def. AIL's Mem., at 7. Indeed, Defendant AIL makes this application seeking an order requiring Plaintiff to post a bond more than one year after Defendant AIL's counsel appeared in this litigation. <u>See</u> Hyun Choi Decl., ¶ 6.

As a result, except for the obvious fact that Plaintiff is a foreign corporation, Defendant AIL fails to provide any further evidence satisfying the factors set forth by <u>Selletti</u>. Defendant AIL fails to provide any legal authority supporting its argument that simply because Plaintiff is a foreign corporation and does not have internet presence a R. 54.2 bond is required. Accordingly, Plaintiff respectfully requests this Court to deny Defendant AIL's motion seeking an order requiring Plaintiff to post a bond.

E.    **THE COURT SHOULD ORDER DEFENDANT AIL TO PAY PLAINTIFF ATTORNEY'S FEES AND COSTS INCURRED IN OPPOSING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AIL.**

In conjunction with its summary judgment motion, Defendant AIL presents Yoona Choi's declaration and its counsel's declaration that contained perjured statements. Thus, pursuant to Fed. R. Civ. P. 56(g), the Court should order Defendant AIL and its attorney to pay Plaintiff the attorney's fees and costs, which Plaintiff incurred in opposing this instant motion. Pursuant to Fed. R. Civ. P. 56(g), when a party's affidavit in support of the party's motion for summary judgment is presented "in bad faith or solely for the purpose of delay, the court shall forthwith order the party to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

Further, affidavits may include only facts that would be admissible in evidence. Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999). In ruling on a motion for summary judgment, the court shall not consider an affidavit containing only self-serving and conclusory statements. Id. Conclusory facts and conclusions of law also cannot be used on summary judgment motion. BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn., 77 F.3d 603, 615 (2d Cir. 1996). Likewise, an affidavit containing only the unsupported legal arguments of a party's attorney cannot be used to establish the existence of a genuine factual dispute. Beyah v. Coughlin, 789 F.2d 986 (2d Cir. 1986). Moreover, the court may strike statements in an affidavit or the entire affidavit, which are not based on personal knowledge. See Hollander, supra, at 198; see also, Flair Broadcasting Corp. v. Powers, 733 F.Supp. 179 (S.D.N.Y. 1990); see also, John Hancock Property and Cas. Ins. Co. v. Universale Reinsurance Co., Ltd., 147 F.R.D. 40 (S.D.N.Y. 1993).

Here, in their declarations subject to penalty of perjury, Yoona Choi and counsel for Defendant AIL made numerous perjured statements and statements without personal knowledge in support of the instant motion in an apparent bad-faith attempt to obstruct the Court's Order setting the discovery end date and to evade the pending depositions of Yoona Choi and other representatives of Defendant AIL. Initially, Yoona Choi declares, "[t]he total amount of fees charged by [Defendant] AIL to [Defendant] Peter & Frank was $970. See Yoona Choi, Decl., ¶ 10. However, one of the Defendant AIL's invoices to Peter & Frank, which identifies some of the Plaintiff's goods, clearly shows that Defendant AIL charged the sum of $23,572.23. See Hyun Choi, Decl., ¶ 38. Moreover, contrary to Yoona Choi's assertion that "[Defendant AIL] never issued any bills of lading for any of the 7 containers," the evidence clearly demonstrates that Defendant AIL did issue bills of lading related to Plaintiff's goods. See e.g., Hyun Choi, Decl., ¶ 39.

Additionally, Yoona Choi declares that Defendant AIL's "annual revenue (consisting of fees for services) is of less than $150,000." See Yoona Choi Decl., ¶ 17. By contrast, according to information provided by Dun & Bradstreet, the current estimated annual sales of Defendant AIL amount to $2.5 million. See Hyun Choi Decl., ¶ 40. Further, without having any personal knowledge, both Yoona Choi and counsel for Defendant AIL make baseless allegations that Plaintiff "has no assets other than the frivolous allegations in this lawsuit, and could disappear forever any time it seeks to do so." See Yoona Choi Decl. ¶¶ 20, 22; see also, Person Decl. ¶¶ 4, 6.

Lastly, counsel for Defendant AIL makes numerous "self-serving and conclusory statements" knowing that such statements cannot be used on summary judgment motion. See generally, Person Decl.; see also BellSouth, supra. For instance, counsel for Defendant AIL

boldly declares that "[he] had reviewed the evidence in this action and find that there is no evidence supporting any liability." See Person Decl., ¶ 2. Counsel for Defendant AIL also proclaims that it is "clear that the Plaintiff has no assets or presence to pay any of the formidable litigation costs it is running up in this runaway and oppressive litigation" simply because Defendant AIL's counsel "determine[s] that [Plaintiff has] no internet presence ... other than the filing of this lawsuit." Id., ¶ 6.

Clearly, Yoona Choi as well as counsel for Defendant AIL provide their declarations to the Court, which contain numerous perjured and baseless statements, with the intent to delay and obstruct this litigation. Since the outrageous conduct and apparent contempt to the Court of these two individuals caused Plaintiff substantial litigation costs and attorney's fees in opposing this motion for summary judgment, Plaintiff respectfully requests this Court to order these two individuals to pay Plaintiff's costs and attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court must deny the motion for summary judgment and other relief sought by Defendant American International, Inc., and award attorneys' fees and costs and other relief as the Court deems just to Plaintiff.

Respectfully submitted,

The Park Law Group, LLC
Attorneys for Plaintiff Easytex Corporation Limited

By:    /s/Hyun Suk Choi
          Hyun Suk Choi (HC4208)

Date:    September 4, 2008