**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff Easytex Corporation Limited
Chull S. Park, Esq. (CP2061)
Hyun Suk Choi, Esq. (HC4208)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYTEX CORPORATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, WESTY STORAGE CENTERS, jointly and severally,<br><br>Defendants. | Civil Action No. 07-CV-03907 (BSJ) (JCF)<br><br><u>ECF CASE</u> |

**<u>RULE 56.1 COUNTER-STATEMENT OF PLAINTIFF EASYTEX CORPORATION LIMITED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AMERICAN INTERNATIONAL LINE, INC.</u>**

12676_6

I.  **Responses of Plaintiff Easytex Corporation Limited ("Plaintiff") to Rule 56.1 Statement of Defendant American International Line, Inc. ("Defendant AIL")**

1. Plaintiff accepts Defendant AIL's statement that Defendant AIL is a New York corporation. Plaintiff denies the other allegations stated in this paragraph because Defendant AIL's letterhead demonstrates that Defendant AIL is also conducting its business as a non-vessel-operating common carrier ("NVOCC") and a cargo agency. See Declaration of Hyun Suk Choi, Esq. ("Hyun Choi Decl."), ¶ 41.

2. Plaintiff denies the allegations in this paragraph because Defendant AIL's letterhead demonstrates that Defendant AIL has also conducted its business as a non-vessel-operating common carrier ("NVOCC") and a cargo agency. Id.

3. Plaintiff denies the allegations in this paragraph. Defendant AIL not only acted as a freight forwarder for the defendant Peter & Frank of NY Corp. ("Peter & Frank") but also actively participated in committing acts against Plaintiff, including but not limited to defrauding Plaintiff, together with Peter & Frank and the other defendants by selling Plaintiff's goods without the proper authorization of Plaintiff. See e.g., 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 - 135; see also, Supporting Declaration of Yoona Choi ("Yoona Choi Decl."), ¶¶ 7 - 8.

4. Plaintiff denies the allegations in this paragraph. Defendant AIL not only acted as a freight forwarder for Peter & Frank but also actively participated in committing acts against Plaintiff, including but not limited to defrauding Plaintiff, together with Peter & Frank and the other defendants by selling Plaintiff's goods without proper authorization of Plaintiff. See e.g., 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 - 135; see also, Yoona Choi Decl., ¶¶ 7 - 8.

5. Plaintiff denies the allegations in this paragraph because Defendant took title to, possessed, and sold Plaintiff goods as Defendant AIL acknowledged in subsequent paragraphs of its Rule 56.1 Statement. See Yoona Choi Decl., ¶¶ 7 – 8.

6. Plaintiff agrees that Defendant AIL "took" Plaintiff's goods. Plaintiff denies the remaining allegations in this paragraph because Defendant AIL took title to, possessed, and sold Plaintiff goods as Defendant AIL acknowledged in subsequent paragraphs of its Rule 56.1 Statement. See id.; see also, 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 - 135. Plaintiff neither has any information regarding Peter & Frank's "warehouse expense at Stop & Stor" nor has any information regarding its alleged failure to pay Defendant AIL for such expenses.

7. Plaintiff agrees that Defendant AIL "took" Plaintiff's goods. Plaintiff denies the remaining allegations in this paragraph because Defendant AIL took title to, possessed, and sold Plaintiff goods without authorization of Plaintiff as Defendant AIL acknowledged in subsequent paragraphs of its Rule 56.1 Statement. See Yoona Choi Decl., ¶¶ 7 – 8; 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 - 135. Plaintiff neither has any information regarding Peter & Frank's "ship[ing boxes] out of storage" nor has any information regarding its alleged failure to pay Defendant AIL.

8. Plaintiff agrees that Defendant AIL "took" Plaintiff's goods. Plaintiff denies the remaining allegations in this paragraph. Plaintiff neither has any information regarding Peter & Frank's alleged failure to pay Defendant AIL nor is aware of Defendant AIL's alleged "offset."

9. Plaintiff denies the allegations in this paragraph because Defendant AIL actively participated in committing acts against Plaintiff, including but not limited to defrauding Plaintiff, together with Peter & Frank and the other defendants by selling Plaintiff's goods without proper authorization of Plaintiff. See 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 – 135, 142 - 151.

10. Plaintiff denies the allegations in this paragraph because Defendant AIL's invoice clearly shows that Defendant AIL charged Peter & Frank substantially more than the sum of $970. See Hyun Choi, Decl., ¶ 38.

11. Plaintiff denies the allegations in this paragraph because there are more than 7 bills of lading related to Plaintiff's goods. See id., ¶ 42.

12. Plaintiff denies the allegations in this paragraph because Defendant AIL did issue bills of lading related to Plaintiff's goods. See id., ¶ 39.

13. Plaintiff denies the allegations in this paragraph because Defendant AIL forwarded documents including bills of lading prepared by Defendant AIL to the defendant Soon Chan Hong ("Hong"). See Hyun Choi Decl., ¶ 32.

14. Plaintiff denies the allegations in this paragraph because Defendant AIL was involved in the release of Plaintiff's goods. See id., ¶¶ 31, 34.

15. Plaintiff denies the allegations in this paragraph because Defendant AIL actively participated in committing acts against Plaintiff, including but not limited to defrauding Plaintiff, together with Peter & Frank and the other defendants by selling Plaintiff's goods without proper authorization of Plaintiff. See 1st Am. V. Comp., ¶¶ 107, 108, 113, 133 – 135, 142 - 151.

16. Plaintiff denies the allegations in this paragraph because Defendant AIL actively participated in committing acts against Plaintiff, including but not limited to defrauding Plaintiff, together with Peter & Frank and the other defendants by selling Plaintiff's goods without proper authorization of Plaintiff. See id.

II. **Additional Material Facts That Create Genuine Issues Concerning Defendant AIL**

17. Defendant AIL refused to disclose the location of Plaintiff's goods to Ms. Iris Shon of Top Ten as per Kim's instruction. See Hyun Choi Decl., ¶ 33 (at 48 – 49, 80).

18. Defendant AIL instructed the other defendants and other third parties to transport or sell Plaintiff's goods even after this action commenced. See Hyun Choi Dec., ¶ 31.

19. Although Hong billed his services to alleged consignees of Plaintiff's goods, Hong actually received payment from only Defendant AIL for his services. See Hyun Choi Dec., ¶ 32.

20. Contrary to Defendant AIL's statement that it had no "opportunity to see or report any wrongdoing by anyone as to any of the goods," Defendant AIL has communicated with Kim to discuss this litigation matter on at least one instance. See id.

21. Contrary to Defendant AIL's statement that it had no "opportunity to see or report any wrongdoing by anyone as to any of the goods," Defendant AIL claims that it was not paid by Peter & Frank for alleged services it rendered.

22. Although Defendant Westy Storage Centers ("Defendant Westy") denies receiving any of Plaintiff's goods, Defendant AIL's document states that some of Plaintiff's goods were delivered to a location owned by Defendant Westy. See Hyun Choi Decl., ¶¶ 35 - 36.

Respectfully submitted,

**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff
Easytex Corporation Limited


/s/ Hyun Suk Choi
Hyun Suk Choi (HC4208)

Dated: September 4, 2008