**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff Easytex Corporation Limited
Chull S. Park, Esq. (CP2061)
Hyun Suk Choi, Esq. (HC4208)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYTEX CORPORATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, WESTY STORAGE CENTERS, jointly and severally,<br><br>Defendants. | Civil Action No. 07-CV-03907 (BSJ) (JCF)<br><br><u>ECF CASE</u><br><br>DECLARATION OF HYUN SUK CHOI, ESQ. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT AND OTHER RELIEF BY DEFENDANT AMERICAN INTERNATIONAL LINE, INC. |

I, HYUN SUK CHOI, declare, under penalty of perjury pursuant to 28 U.S.C. §1746 that:

1.    I am a member of the Bar of this Court and am associated with the firm of The Park Law Group, LLC, attorneys for Plaintiff Easytex Corporation Limited ("Plaintiff") in this action.

12677_2

2. I make this Declaration in support of Plaintiff's Opposition to the Motion for Summary Judgment and Other Relief by Defendant American International Line, Inc. ("Defendant AIL").

3. I am familiar with all the facts and circumstances in this action.

4. Pursuant to S.D.N.Y. Local Civ. R. 1.10, I make this Declaration in lieu of an affidavit.

5. On or around May 18, 2007, Plaintiff Easytex Corporation Limited filed a Verified Complaint with the Court.

6. On or around July 10, 2007, Mr. Carl Person, counsel for Defendant AIL, entered his appearance.

7. On or around December 19, 2007, Defendant AIL produced documents pursuant to Plaintiff's document request. A true and correct copy of counsel for Defendant AIL's email to counsel for Plaintiff, dated December 19, 2007 is attached as Exhibit A.

8. On or around January 22, 2008, Plaintiff sent its Notice of Deposition to counsel for Defendant AIL. A true and correct copy of Plaintiff's Notice of Deposition as to a representative of Defendant AIL is attached as Exhibit B.

9. On or around February 15, 2008, counsel for Defendant AIL notified Plaintiff's counsel that the date of February 26, 2008 for the deposition of a representative of Defendant AIL "[did] not work." A true and correct copy of counsel for Defendant AIL's email to Plaintiff's counsel, dated February 15, 2008 is attached as Exhibit C.

10. On or around April 11, 2008, counsel for Plaintiff was seeking consent by all parties including Defendant AIL to Plaintiff's intended amendment of the Verified Complaint to

include additional defendants. A true and correct copy of counsel for Plaintiff's email to counsel for Defendant AIL is attached as Exhibit D.

11. On or around April 11, 2008, counsel for Defendant AIL sent an email to Plaintiff's counsel, which states "[Defendant AIL] does not consent to amending the complaint." See Ex. D.

12. All defendants except Defendant AIL consented to Plaintiff's amendment to the Verified Complaint to include additional defendants.

13. Since Defendant AIL did not consent to Plaintiff's amendment to the Verified Complaint, Plaintiff filed a Motion for an Order for Leave to Amend the Verified Complaint ("Motion to Amend") on or around April 15, 2008.

14. Contrary to Defendant AIL's representation to Plaintiff's counsel, Defendant AIL did not oppose Plaintiff's Motion to Amend.

15. On or around May 20, 2008, the Court granted Plaintiff's Motion to Amend.

16. On or around May 21, 2008, counsel for Plaintiff requested counsel for Defendant AIL to propose to Plaintiff available deposition dates for deposition of Yoona Choi and Benjamin Yoon, Assistant Operation Manager and Regional Directing Manager of Defendant AIL, respectively. A true and correct copy of counsel for Plaintiff's letter to counsel for Defendant, dated May 21, 2008 is attached as Exhibit E.

17. On or around May 29, 2008, counsel for Defendant AIL notified counsel for Plaintiff that the deposition of Yoona Choi and Benjamin Yoon needed to be rescheduled because counsel for Defendant AIL's time conflict. A true and correct copy of counsel for Defendant AIL to counsel for Plaintiff, dated May 29, 2008 is attached as Exhibit F.

18. On or around May 30, 2008, counsel for Plaintiff again requested counsel for Defendant AIL to provide available dates for deposition of Yoona Choi and Benjamin Yoon to counsel for Plaintiff. A true and correct copy of counsel for Plaintiff's email to counsel for Defendant AIL, dated May 30, 2008, is attached as Exhibit G.

19. On or around July 30, 2008, since counsel for Defendant AIL did not respond to Plaintiff's request for the availability of Yoona Choi and Benjamin Yoon for depositions, counsel for Plaintiff again requested the availability of these two individuals for depositions. A true and correct copy of counsel for Plaintiff's letter to counsel for Defendant AIL, dated July 30, 2008 is attached as Exhibit H.

20. On or around August 5, 2008, counsel for Plaintiff again requested the availability of Yoona Choi and Benjamin Yoon for depositions since counsel for Defendant had not responded to counsel for Plaintiff's previous requests. A true and correct copy of counsel for Plaintiff's email to counsel for Defendant, dated August 5, 2008 is attached as Exhibit I.

21. On or around August 11, 2008, in response to the defendant Westy Storage Center's request, the Court ordered that the discovery end date be extended to October 31, 2008.

22. On or around August 22, 2008, Defendant AIL filed the instant Motion for Summary Judgment and Other Relief with the Court ("Defendant AIL's Motion").

23. On or around August 26, 2008, counsel for Defendant sent an email to all counsel in which counsel for Defendant maintained that the depositions of Yoona Choi and Benjamin Yoon should be rescheduled after Defendant AIL's Motion is decided by the Court. A true and correct copy of counsel for Defendant AIL's email to all counsel, dated August 26, 2008 is attached as Exhibit J.

24. On or around August 28, 2008, counsel for Plaintiff proposed dates for depositions of representatives of Defendant AIL, including Yoona Choi and Benjamin Yoon, to counsel for Defendant AIL and requested counsel for Defendant to comply with the Court Order, dated August 11, 2008. A true and correct copy of counsel for Plaintiff's letter to counsel for Defendant AIL, dated August 28, 2008, is attached as Exhibit K.

25. On or around August 8, 2008, Plaintiff's counsel conducted a deposition of Ms. Iris Shon, a representative of the defendant Top Ten ("Shon's Deposition").

26. Shon's Deposition was scheduled at 10:00 am.

27. Since counsel for Defendant AIL did not come to the location of Shon's Deposition, counsel for Plaintiff and the other defendants had to wait for counsel for Defendant AIL approximately 20 minutes.

28. Plaintiff's counsel called counsel for Defendant AIL to remind him about Shon's Deposition, and counsel for Defendant AIL told Plaintiff's counsel that he would come to Shon's Deposition and asked Plaintiff's counsel to commence Shon's Deposition without his presence.

29. Counsel for Defendant AIL appeared at Shon's Deposition approximately 30 minutes after the deposition started.

30. About one hour after counsel for Defendant AIL appeared at Shon's Deposition, counsel for Defendant AIL left and did not return to Shon's Deposition until Shon's Deposition ended. See ¶ 33 of this Declaration (at 117); see also, Def. AIL's Mem. of Law in Supp. of Its Motion for Summ. J., at 4.

31. A true and correct copy of Defendant AIL's Pick-Up & Delivery Instruction, dated November 21, 2007, September 13, 2007, and June 13, 2007, is attached as Exhibit L.

32. A true and correct copy of Certification of Soon Chan Hong is attached as Exhibit M.

33. A true and correct copy of relevant portions of the deposition transcript containing the deposition testimony of Ms. Iris Shon is attached as Exhibit N.

34. A true and correct copy of documents issued by Defendant AIL including Delivery Orders and Pick-Up & Delivery Instructions is attached as Exhibit O.

35. A true and correct copy of Certification of Defendant Hicksville Project, LLC s/h/a Westy Storage Centers is attached as Exhibit P.

36. A true and correct copy of documents issued by Defendant AIL regarding Westy Storage Centers is attached as Exhibit Q.

37. A true and correct copy of Certification of Kent (Kean Wai) Wong is attached as Exhibit R.

38. A true and correct copy of invoices issued by Defendant AIL to Peter Frank of New York is attached as Exhibit S.

39. A true and correct copy of Bill of Lading issued by Defendant AIL is attached as Exhibit T.

40. A true and correct copy of a document containing D&B data concerning Defendant AIL is attached as Exhibit U.

41. A true and correct copy of Defendant AIL's letterhead is attached as Exhibit V.

42. There were more than seven bills of lading involved in this action.

**RULE 56(f) DECLARATION**

43. Pursuant to Fed. R. Civ. P. 56(f), I also make the Declaration below.

12677_2

6

44. Through depositions of representatives of Defendant AIL including Yoona Choi and representatives of other defendants, including the defendants Top Ten, GFA, and Korea Express USA, Plaintiff is seeking more facts related to Defendant AIL's involvement in the activities alleged in Plaintiff's First Amended Verified Complaint and its communications with the other defendants, individuals and entities identified in documents produced by the parties of this action.

45. Plaintiff expects that the facts obtained through such depositions will create genuine issues of material facts as to Plaintiff's causes of action against Defendant AIL.

46. Despite Plaintiff's previous numerous attempts to depose Yoona Choi, counsel for Defendant AIL has refused to produce Yoona Choi and other representatives of Defendant AIL. See ¶¶ 8 – 24 of this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Hyun Suk Choi
Hyun Suk Choi, Esq. (HC4208)

Dated: September 4, 2008