# EXHIBIT M

**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff Easytex Corporation Limited
Chull S. Park, Esq. (CP2061)
Hyun Suk Choi, Esq. (HC4208)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYTEX CORPORATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, INC., GAVIN FASHION, INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE CENTERS, jointly and severally,<br><br>Defendants. | Civil Action No. 07-CV-03907-BSJ<br><br>**CERTIFICATION OF<br>SOON CHAN HONG**<br><br>ECF CASE |

I, Soon Chan Hong, hereby certify, under penalty of perjury, that:

1. I reside at 48-27 211 Street, Oakland Gardens, New York 11364.

2. I am one of the defendants in this action.

3. I have been a customs house broker for four years.

12383_3

4.  I have always worked alone as a customs house broker.

5.  Currently, I work out of my office at 161-15 Rockaway Boulevard, Suite 209, Jamaica, New York 11434.

6.  My customs house broker identification number is 21440; I attach as Exhibit A to this certification a true copy of my Customs Broker License issued by the Department of the Treasury, United States Customs Service issued on May 10, 2002

7.  I make this certification as evidence of my complete and true knowledge regarding the facts as alleged in the First Amended Verified Complaint filed on June 3, 2008 by Plaintiff Easytex Corporation Limited ("Plaintiff's First Amended Verified Complaint").

8.  I retained the services of David Y. Loh, Esq. of Cozen O'Connor located at 45 Broadway Atrium, Suite 1600, New York, New York 10006-3792 to review this certification before executing it.

9.  Through counsel and by myself, I provide all documentation in my possession regarding the facts as alleged in Plaintiff's First Amended Verified Complaint.

10. I certify that the documents that are marked as Bates Nos. HONG000001 through HONG 000063 and attached as Exhibit B to this certification are true copies of those documents that I produced to counsel for Plaintiff Easytex Corporation Limited on or about December 11, 2007 and March 12, 2008.

11. I certify that the documents that are marked as Bates Nos. SCH 0001 through SCH 0023 and attached as Exhibit C to this certification are true copies of those documents that I produced to counsel for Plaintiff Easytex Corporation Limited on or about May 8, 2008.

12. I was the customs house broker for the shipments alleged in Plaintiff's First Amended Verified Complaint.

13. On or about September 14, 2006, I received a telephone call from Ms. Yoona Choi and Mr. Jin Sung, both employees of American International Line ("AIL") with AIL's request for me to execute seven U.S. Customs Entries.

14. On or about September 14, 2006, Ms. Yoona Choi and Mr. Jin Sung stated that AIL would send the appropriate documents for the seven U.S. Customs Entries to be by facsimile.

15. On or about September 15, 2006 and September 20, 2006, I received the following documents from Ms. Yoona Choi and Mr. Jin Sung for the seven U.S. Customs Entries:

   a. Custom Power of Attorney;

   b. Arrival Notices;

   c. Commercial Invoices;

   d. Packing Lists; and

   e. Bills of Lading (collectively "Preparation Documents"). See Bates Nos. HONG000001 – HONG000063.

16. On or about September 15, 2006 and September 20, 2006, AIL forwarded the Preparation Documents to me by AIL already completed by AIL.

17. I only reviewed the Preparation Documents for completeness.

18. Upon receipt of the Preparation Documents, I entered each of the seven entries into the U.S. Customs database.

19. Upon the request of U.S. Customs, I provided hard copies of the Preparation Documents to U.S. Customs.

12383_3                                3

20. The U.S. Customs officer reviewed and approved the seven U.S. Customs Entries; the U.S. Customs officer then authorized the release of the goods that comprise the shipments alleged in Plaintiff's Verified First Amended Complaint for customs purposes only ("Customs Release")

21. With respect to the shipments alleged in Plaintiff's Verified First Amended Complaint, from September 18, 2006 to September 21, 2006, I rendered services only to AIL.

22. Throughout the events stated in Plaintiff's First Amended Verified Complaint, I never rendered any services to any other entity or individual, including but not limited to the defendants named in Plaintiff's First Amended Verified Complaint.

23. I never physically saw or inspected the goods that were part of the shipments alleged in Plaintiff's Verified First Amended Complaint.

24. I never traveled to the location of the goods that were part of the shipments alleged in Plaintiff's Verified First Amended Complaint as the shipments arrived at the stated destination.

25. With respect to the Customs Powers of Attorney, which are part of the Preparation Documents, I did not arrange for the execution of any of the Customs Powers of Attorney. See Bates Nos. HONG000010, HONG000019, HONG000023, HONG000032, HONG000041, HONG000048.

26. Upon review of the Preparation Documents, I knew that the following companies executed the Customs Powers of Attorney:

    a. Peter & Frank of New York;

    b. Nexxon Trading Inc.;

    c. Gavin Fashion Inc.; and

  d.  JKM USA Corp. (collectively "Consignees"). <u>See</u> Bates Nos. HONG000010, HONG000019, HONG000023, HONG000032, HONG000041, HONG000048.

27. I neither have been nor currently am an employee of the Consignees or the other defendants in this action.

28. I have no interest or ownership in the Consignees or the other defendants in this action.

29. I have never had any interest or ownership in the Consignees or the other defendants in this action.

30. I did not investigate the Consignees with respect to their validity as companies or actual places of business.

31. I solely relied upon the Preparation Documents prepared by AIL with respect to the information concerning the Consignees.

32. Upon information and belief, AIL did not arrange to have the Consignees execute the back page of the Customs Powers of Attorney. <u>See</u> Bates Nos. HONG000010, HONG000019, HONG000023, HONG000032, HONG000041, HONG000048.

33. I have no knowledge about who arranged to have the Consignees execute the back page of the Customs Powers of Attorney.

34. I do not have any other Customs Powers of Attorney related to the shipments involved in this litigation.

35. Although my invoices state that I billed my services to the Consignees, I actually received payment from only AIL for the services I rendered with respect to the shipments alleged in Plaintiff's Verified First Amended Complaint. <u>See</u> Bates Nos. SCH0001 – SCH0023.

36. I have not received any payment from any other defendants in this action, other than AIL, for my services related to the shipments alleged in Plaintiff's Verified First Amended Complaint.

37. The term "Hot Duty" on the invoices, which are part of the Preparation Documents, is a notation that I use to indicate customs entries that have a significant amount of estimated duties and fees.

38. I wrote the terms "Hot Duty" and "Release" on the invoices, which are part of the Preparation Documents.

39. I wrote the term "Release" on the appropriate invoice when I was notified by U.S. Customs that the entry had been approved for Customs Release.

40. The U.S. Customs Officer authorized the Customs Release.

41. Prior to and after the commencement of this litigation, I have not had any direct communications, written or oral, with any of the other named defendants other than those individuals or entities that I disclose in this certification.

42. Besides my communications with Ms. Yoona Choi, Mr. Jin Sung, and Mr. Benjamin Yoon of AIL, I did meet Mr. Chul Kyu Kim of Peter & Frank of New York in June of 2007.

43. In June of 2007, I personally met Mr. Chul Kyu Kim when Ms. Yoona Choi invited me to a meeting AIL was having with Mr. Chul Kyu Kim.

44. The meeting in June of 2007 took place at AIL's office; Ms. Yoona Choi was present in the office for the meeting.

45. Mr. Benjamin Yoon, Mr. Chul Kyu Kim and I were the only individuals that took part in the discussion during the meeting in June of 2007.

46. During the meeting in June of 2007, I told Mr. Benjamin Yoon and Mr. Chul Kyu Kim that I was only responsible for obtaining the Customs Release for the goods that make up the shipments alleged in Plaintiff's First Amended Verified Complaint.

47. During the meeting in June of 2007, I told Mr. Benjamin Yoon and Mr. Chul Kyu Kim that I demanded they should defend me for any possible exposure from this litigation.

48. In September of 2007, upon my persistent telephone calls to Mr. Benjamin Yoon of AIL, Mr. Benjamin Yoon arranged a meeting with Mr. Chul Kyu Kim, Mr. Benjamin Yoon and me.

49. In September of 2007, Mr. Benjamin Yoon picked me up in his vehicle, and we drove to the home of Mr. Chul Kyu Kim located at Allendale, NJ.

50. In September of 2007, upon arriving at the home of Mr. Chul Kyu Kim, Mr. Benjamin Yoon and I discovered Mr. Chul Kyu Kim was not home; however, during the return drive, Mr. Chul Kyu Kim contacted Mr. Benjamin Yoon's cell phone angrily stating that Mr. Benjamin Yoon and I should not have come to his house.

51. On or around April 15, 2008, I spoke with Mr. Benjamin Yoon to ask that AIL defend and indemnify me from this litigation because I performed services related to the Customs Release and on behalf of AIL.

52. On or around April 15, 2008, Mr. Benjamin Yoon verbally agreed to defend and indemnify me.

53. To confirm our conversation, I sent an email to Mr. Benjamin Yoon verifying that AIL would indemnify and hold me personally harmless from any liability exposure in this lawsuit; I attach as Exhibit D to this certification a true copy of my email to Mr. Benjamin Yoon dated April 15, 2008 with a true copy of the reply of Mr. Benjamin Yoon dated April 15, 2008.

54. Mr. Benjamin Yoon replied in an email acknowledging that I had no responsibility for the loss of the goods which are subject of this action. See Ex. D.

55. I have not had any other communication, either written or oral, with any of the other named defendants in this action or their representatives.

56. I only received $50.00 per invoice that I submitted to AIL.

57. Except for the $50.00 per invoice payment from AIL, I have not received any monies or any other form of compensation from any of the other defendants or their representatives in this action with regard to the shipments alleged in Plaintiff's First Amended Verified Complaint.

58. I never received, saw or possessed any endorsed bills of lading for the shipments alleged in Plaintiff's First Amended Verified Complaint.

59. I have no knowledge whether the bills of lading were properly endorsed and presented at the time of the release of the goods that were part of the shipments alleged in Plaintiff's Verified First Amended Complaint.

60. I never issued any subsequent bills of lading for any of the shipments alleged in Plaintiff's First Amended Verified Complaint.

61. I never made any arrangements for the delivery of the shipments alleged in Plaintiff's First Amended Verified Complaint.

62. I do not have any knowledge concerning any individual or entity that made the delivery arrangements for the shipments alleged in Plaintiff's First Amended Verified Complaint.

63. I never made any arrangements for the storage of the shipments alleged in Plaintiff's First Amended Verified Complaint.

64. I do not have any knowledge concerning any individual or entity that made the storage arrangements for the shipments alleged in Plaintiff's First Amended Verified Complaint.

65. It is my understanding that AIL drafted the "pick-up" order for the shipments alleged in Plaintiff's First Amended Verified Complaint and that AIL presented the "pick-up" order at the terminal to retrieve the goods that comprise the shipments alleged in Plaintiff's First Amended Verified Complaint.

66. With respect to Form 3461, I prepared Form 3461 based upon the representations of AIL; I did not personally exam any other documents or goods except for the Preparation Documents. See Bates Nos. HONG 00002, 11, 20, 29, 38, 47 and 56.

67. I do not possess any other documents related to this litigation except for those documents that I have already produced and attached as Exhibits A through D.

68. I have no further knowledge regarding the shipments alleged in Plaintiff's First Amended Verified Complaint.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing it true and correct. Exeuted on _Aug 22_, 2008.

_Soon Chan Hong_
Soon Chan Hong

12383_3                                      9