# EXHIBIT P

**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff Easytex Corporation Limited
Chull S. Park, Esq. (CP2061)
Hyun Suk Choi, Esq. (HC4208)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYTEX CORPORATION LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> PETER & FRANK OF NY, CORP., CHUL KYU KIM a/k/a KIM CHUL KYU a/k/a CHUK CHUL KIM a/k/a ROBERT CHUL KIM a/k/a CHUL KYOO KIM a/k/a CHULKYOO KIM a/k/a KIM K. CHUL, BARO SHIPPING CO., LTD., TOP TEN TRANS, INC., GFA, INC., 3 WIN INC., MERCURY, AMERICAN INTERNATIONAL LINE, INC., SOON CHAN HONG a/k/a SOON C. HONG a/k/a SOONCHAN C. HONG a/k/a SOON CHAN HONG a/k/a CHAN S. HONG a/k/a HONG S. CHAN a/k/a HONG SOON CHANG d/b/a SOONCHAN HONG CUSTOM HOUSE BROKER, STOP & STOR, NEXXON TRADING, INC., SOLUTION USA, INC., GAVIN FASHION, INC., KOREA EXPRESS USA, JKM USA, CORP., WESTY STORAGE CENTERS, jointly and severally, <br><br> Defendants. | Civil Action No. 07-CV-03907-BSJ <br><br><br> **CERTIFICATION OF DEFENDANT HICKSVILLE PROJECT, LLC s/h/a WESTY STORAGE CENTERS** <br><br><br> ECF CASE |

I, John A. Arredondo, hereby certify the following statements to the best of my knowledge, under penalty of perjury, that:

1. I am a manager of Arredondo & Co., Manager for Hicksville Project, LLC sued herein as Westy Storage Centers ("Defendant Westy"), one of the defendants in this action.

2. I am a duly authorized representative of Defendant Westy who is providing this certification on behalf of Westy.

3. Pursuant to S.D.N.Y. Local Civ. R. 1.10, I make this certification in lieu of an affidavit.

4. I make this certification as evidence of Defendant Westy's complete and true knowledge regarding the facts as alleged in the First Amended Verified Complaint ("First Amended Verified Complaint") filed on June 3, 2008 by Plaintiff Easytex Corporation Limited ("Plaintiff").

5. Defendant Westy retained the services of Jeffrey S. Stephens, Esq. ("Counsel for Westy") of Law Offices of Jeffrey S. Stephens, P.C., located at 14 Duncan Drive, Greenwich, Connecticut 06831-1177 in this action.

6. I consulted with Counsel for Defendant Westy in reviewing this certification before executing it.

7. Defendant Westy is a limited liability company organized under the laws of the State of New York and is properly registered to conduct business in the State of New York.

8. Defendant Westy owns and operates only one self-storage facility located at 65 West John Street, Hickville, New York 11801.

9. Defendant Westy merely rents self-storage units to others and is not a warehouse.

10. Defendant Westy never handles the merchandise or property of its customers that is stored in the self-storage units.

11. Defendant Westy conducts its business by entering into a written contract with its customers to rent self-storage units of Defendant Westy, referred to as an Occupancy Agreement.

12. Pursuant to the Occupancy Agreement, Defendant Westy receives monthly payments from each of the customers renting a self-storage unit of Defendant Westy.

13. Defendant Westy does not offer any insurance to the customers renting self-storage units of Defendant Westy.

14. Each customer renting a self-storage unit of Defendant Westy may obtain its own insurance policy covering the contents of the self-storage unit that the customer rents from Defendant Westy.

15. Each customer renting a self-storage unit of Defendant Westy must execute a section of the Occupancy Agreement that waives any claims against Defendant Westy with respect to the contents of the self-storage unit.

16. Each customer must provide its own lock and key or combination lock to the self-storage unit it rents from Defendant Westy.

17. Defendant Westy is a self-contained building with a security desk.

18. Each customer of Defendant Westy must pass through security, then proceed to its separate rented self-storage unit, which are secured with its own lock and key or combination lock.

19. A customer of Defendant Westy may terminate its Occupancy Agreement by notifying the associate on duty and removing all contents from the self-storage unit that the customer rents from Defendant Westy.

20. Defendant Westy maintains records concerning the customers of Defendant Westy in its computerized system, including but not limited to the Occupancy Agreement with its customers.

21. Defendant Westy never rents its self-storage units to anyone without entering into an Occupancy Agreement.

22. With consultation with Counsel for Defendant Westy, Defendant Westy reviewed the documents received by its attorney from the parties in this action as of the date of this certification ("Documents").

23. Upon review of the Documents, Defendant Westy conducted a comprehensive search of its database and files to locate any individual or entity appearing in the Documents, including but not limited to the parties named in this action, including all aliases identified in the caption.

24. Defendant Westy has records that enable Defendant Westy to identify customers who rented Defendant Westy's self-storage units in 2007.

25. Despite Defendant Westy's comprehensive search of its database and records for year of 2007, Defendant Westy did not locate any individual, entity, or alias set forth in the caption of this action.

26. In addition, Defendant Westy has cross-referenced the phone numbers cited on the Documents, which also do not show any matches with the records of Defendant Westy.

27. Defendant Westy never entered into a contract or agreement with any of the parties in this action.

28. Defendant Westy never entered into a contract or agreement with any of the individuals or entities which are identified in the Documents.

29. Defendant Westy does not have any information regarding the goods related to this action ("Goods").

30. Defendant Westy was never in receipt or possession of any of the Goods.

31. None of the associates of Defendant Westy recall delivery of a large palette of boxes or cartons in April of 2007.

32. Defendant Westy does not have a facility to accept a palette of goods, boxes, or cartons (i.e. does not have pallet jacks).

33. Any such delivery or transport of a large palette of boxes would have to be off-loaded in the loading dock, parking lot or elsewhere near Defendant Westy's facility,.

34. Throughout the events stated in the First Amended Verified Complaint, Defendant Westy never rendered any services to any individuals or entities identified in the Document, including but not limited to the defendants in this action.

35. Defendant Westy never physically saw or inspected any of the Goods.

36. Defendant Westy never had any communication in oral or writing with any individuals or entities identified in the Documents, including but not limited to the named defendants in this action with respect to the alleged transactions in the First Amended Verified Complaint.

37.     Defendant Westy has no information whatsoever regarding the Goods or any transactions related to the Goods in this action.

38.     Defendant Westy has no interest or ownership in any entities identified in the Documents, including but not limited to the defendants in this action, except Westy.

39.     Defendant Westy has not received any payment from any individuals or entities identified in the Documents, including but not limited to the defendants in this action.

40.     Defendant Westy has no information regarding any individuals or entities identified in the Documents, including but not limited to the defendants in this action, except allegations made in the pleadings and the Documents in this action.

41.     Defendant Westy never made any arrangements for the delivery of the Goods.

42.     Defendant Westy does not have any first-hand knowledge concerning any individual or entity that made the delivery or transportation arrangements for the Goods.

43.     Defendant Westy never made any arrangements for the storage of the Goods.

44.     Upon review of Documents and inspection of Defendant Westy's internal records, Defendant Westy has no knowledge or information of any of Defendant Westy's customers using Defendant Westy's facility located at 65 West John Street, Hickville, New Jersey 11801 to store the Goods or any portion of the Goods.

45.     Defendant Westy does not have any knowledge concerning any individual or entity that made the storage arrangements for the Goods except for the allegations made in the pleadings and the Documents.

46.     Defendant Westy does not possess any documents related to this litigation.

47.     Since Defendant Westy does not have any documents related to this litigation, Defendant Westy has been unable to produce any documents regarding its Rule 26(a)(1) Initial Disclosures.

48.     Defendant Westy has no further knowledge regarding the storage, delivery, and shipments of the Goods in this action.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing it true and correct.

*(signature)*

NAME: John A. Arredondo

TITLE: Manager

WESTY STORAGE CENTERS

Dated: September 3, 2008