SH2_Mot1SJM_REPLY_Memo_of_Law_Supp_SJM_and_BOND.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
    :           ECF CASE
**EASYTEX CORPORATION LIMITED,**  :
    :           07 CV 3907 (BSJ)
                    **Plaintiff,**  :
        -against-   :
    :
**PETER & FRANK OF NY, CORP., CHUL**  :
**KYU KIM a/k/a KIM CHUL KYU a/k/a**  :
**CHUK CHUL KIM a/k/a ROBERT CHUL**  :
**KIM a/k/a CHUL KYOO KIM a/k/a**  :
**CHULKYOO KIM a/k/a KIM K. CHUL,**  :
**BARO SHIPPING CO., LTD., TOP TEN**  :
**TRANS, INC., GFA, INC., 3 WIN INC.,**  :
**MERCURY, AMERICAN INTERNATIONAL**  :
**LINE, INC., SOON CHAN HONG a/k/a**  :
**SOON C. HONG  a/k/a SOONCHAN C.**  :
**HONG a/k/a SOON CHAN HONG a/k/a**  :
**CHAN S. HONG a/k/a HONG S. CHAN**  :
**a/k/a HONG SOON CHANG d/b/a**  :
**SOONCHAN HONG CUSTOM HOUSE**  :
**BROKER, STOP  & STOR, NEXXON**  :
**TRADING, INC., SOLUTION USA, INC.,**  :
**GAVIN FASHION, INC., KOREA**  :
**EXPRESS USA, JKM USA, CORP.,**  :
**WESTY STORAGE CENTERS, jointly and severally,**  :
    :
                    **Defendants.**  :
    :
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW BY AMERICAN INTERNATIONAL LINE, INC. IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; POSTING OF A BOND BY PLAINTIFF UNDER LOCAL CIVIL RULE 54.2; AND A <u>STAY OF PROCEEDINGS PENDING DECISION ON THIS MOTION</u>**

Defendant American International Line, Inc. ("American") submits this reply memorandum of law in further support of its motions for (i) a summary judgment, (ii) an order requiring the Plaintiff to post a bond under Local Civil Rule 54.2 for $500,000 to cover costs and sanctions which could be awarded to all or many of the remaining co-defendants in this action; and (iii) an order staying all proceedings until this motion has been decided.

1

This reply memorandum is going to be brief, because of American's financial condition which makes it unable to pay the substantial litigation costs of defending itself in this action.

Plaintiff and its counsel appear to be inexperienced in litigation (as evidenced by the fact that a Westlaw search of all federal and state cases for (1) "HYUN SUK CHOI" "HYUN CHOI" and then (2) "CHULL S. PARK" "CHULL PARK" produced only a single decision (a 2006 decision in which Hyun Suk Choi was one of 3 lawyers representing a client).  This supports the undersigned's conclusion from witnessing about 1 hour of a deposition conducted by one of the two lawyers that they either have no litigation experience and are using this case to learn how to litigate and/or are deliberately abusing the litigation process to make this litigation as costly as they can for the defendants.  Instead of having any evidence as to any wrongdoing other than by defendant Peter & Frank of NY, Corp. (which defaulted), the Plaintiff is using this litigation to try to find some evidence against any of the remaining defendants.  Plaintiff has no evidence and admits to such fact, but continues to drag out this litigation through tedius processes (such as Plaintiff's deposition witnessed in part by the undersigned where it took the Plaintiff's attorney about 15 minutes to extract the name of the witness; such as the adding of new parties twice to this litigation; such as the failure to use Rule 56(f) properly in Plaintiff's response to American's motion for summary judgment; such as the failure to provide any financial or business information or other facts about the Plaintiff who is located in Hong Kong and may wind up owing the Defendants $500,000 in taxable costs).  From what the undersigned has endured so far in this costly litigation has made the undersigned conclude that the Plaintiff's two lawyers, either deliberately or out of inexperience, or both, are dragging out this lawsuit for the purpose of imposing huge costs on a huge number of non-liable defendants to try to force them to settle in order to bring an end to the litigation abuse, and are doing in which they admit is a search for somebody to blame for their

client's self-inflicted loss other than the wrongdoer and apparently bankrupt or insolvent Peter & Frank of NY, Corp. (as to whom the Plaintiff already has a default judgment).

The Plaintiff is claimed to be a Chinese corporation with an apparent office in a 7th floor flat in an industrial building in Kowloon, Hong Kong. The Plaintiff has no presence in New York; and suffered a loss of $1,500,000 according to the Plaintiff's complaint. The complaint does not allege that the Plaintiff ever had $1,500,000 or any assets for that matter. It only alleges that the Plaintiff was not paid $1,500,000 owed to it. The Plaintiff's name does not appear in an Internet search, suggesting that the Plaintiff has little in history, operations and assets.

In their opposition papers, the Plaintiff's lawyers do not provide any new information about their client.

Defendants would not be able to recover their ever-increasing costs without going to Hong Kong, China and trying to sue the Plaintiff in the Chinese legal system, which would be prohibitively costly and of uncertain value.

If the Plaintiff takes 3 depositions for each of the 12 remaining defendants, dragging each deposition out for 7 hours, there would be 252 hours of deposition attended by perhaps 6 defendants' lawyers for a total number of lawyer hours of 1,512 hours (which at $250/hour amounts to $378,000 in legal time plus about $120,000 in deposition transcript costs).

The actions of the Plaintiff's lawyers in this litigation are not at or above the level of expertise normally associated with a commercial case in federal court, which can be seen from the papers submitted by the Plaintiff's lawyers in opposition to American's motions. This lack of experience or expertise is becoming very costly to the defendants and their counsel because we are stuck in this case and have to respond to the excessive and abusive litigation tactics of the Plaintiff's lawyers, whether such tactics are deliberate or the result of litigation inexperience .

3

As the Plaintiff searches for and adds new parties, takes meaningless depositions, and notices 3 people for depositions from 5-employee American alone, for example, the excessive costs continue to mount for the Defendants and their counsel.

As to the Plaintiff's opposing papers, certain things are readily obvious: (i) The Plaintiff 's lawyers have not added a single fact about its client; the Plaintiff's lawyers have not put in any financial statement for their client or any showing that their client has any assets or operations in the U.S. or anywhere in the world; (ii) the Plaintiff's lawyers have not put in any affidavit or declaration of any fact witness, but have relied instead upon an attorney's affidavit or declaration filled with a meaningless, chronological list of some events that have allegedly occurred between the lawyers for American and the Plaintiff; (iii) there is a wholly inadequate effort to meet the requirements of Rule 56(f) discovery by a failure to show what evidence the Plaintiff expects to obtain from the broad-based desired discovery or how it would create liability for American if obtained, and, mostly importantly (iv) there is no evidence which at trial, if believed by the trier of fact, would create any liability for American.

These are the four main reasons that the Plaintiff's opposition to American's motions should be rejected, and the relief requested by American should be granted.

**I.**

**AMERICAN AND THE OTHER REMAINING CO-DEFENDANTS
ARE ENTITLED TO A STAY OF ALL PROCEEDINGS UNTIL
THE PLAINTIFF POSTS AN ADEQUATE BOND UNDER LOCAL CIVIL
<u>RULE 54.2 IN AN AMOUNT TO BE DETERMINED BY THE COURT</u>**

As the Court can see from the motion papers, the Plaintiff has no case. But the Plaintiff's lawyers are using this lawsuit to impose costs on the numerous defendants and their attorneys while the Plaintiff and its lawyers bankrupt the smaller defendants or force them to settle.

As an example, the Plaintiff has served a notice of deposition on American requiring that Ben Soona and Yoona Choi and a third American employee be subjected to deposition by the Plaintiff. This is just one more oppressive technique being used by the Plaintiff. The Plaintiff doesn't need to depose three employees of a corporation, especially in a small, 5-person company. The Plaintiff should have noticed the defendant corporation for a 30(b)(6) deposition requiring the corporation to produce someone to answer questions to be set forth by the Plaintiff in a 30(b)(6) deposition notice.

The Plaintiff has given no factual or legal reason why the requested $500,000 bond should not be ordered by the Court. If the Court requires the requested bond, the defendants will be able to recover their costs from the Plaintiff, an unknown Chinese corporation having no known assets, other than the self-inflicted loss about which it complains.

## II.

**AMERICAN IS ENTITLED TO SUMMARY JUDGMENT
UNDER RULE 56, F.R.CIV.P. – AMERICAN HAS DONE
NOTHING TO HAVE ANY LIABILITY TO THE PLAINTIFF AND
<u>PLAINTIFF HAS NOT PROVIDED A PRIMA FACIE CASE FOR LIABILITY</u>**

American has done nothing for which it is liable. See the moving declarations of Yoona Choi and Ben Soona.

Plaintiff has not provided any evidence upon which liability could be found by a trier of fact.

First of all, the Plaintiff has not provided a single affidavit or declaration by any fact witness.

The only affidavit or declaration provided by the Plaintiff was a declaration by one of Plaintiff's two attorneys, Hyun Suk Choi (the lawyer who has had his name in one reported decision in the Westlaw all-cases database).

In his declaration, Mr. Choi stated that the "**Plaintiff expects that the facts obtained through such depositions will create genuine issues of material facts as to Plaintiff's causes of action against Defendant AIL**" (¶ 45). [Emphasis added.] Mr. Choi is admitting by this statement that the Plaintiff has no existing evidence to support a prima facie case against American.

Although it is clear that Mr. Choic hopes that numerous depositions (mostly of unspecified persons) will provide the evidence he needs against American or someone else, Mr. Choi does not state what evidence there is or why he needs various unspecified depositions. Instead, Mr. Choi supports his desire for additional depositions as follows:

> 44. Through depositions of representatives of Defendant AIL including Yoona Choi and representatives of other defendants, including the defendants Top Ten, GFA, and Korea Express USA, Plaintiff is seeking more facts related to Defendant AIL's involvement in the activities alleged in Plaintiff's First Amended Verified Complaint and its communication with the other defendants, individuals and entities identified in documents produced by the parties of this action.

Plaintiff's apparent request for Rule 56(f) discovery does not meet the four requirements of the Second Circuit, which are discussed in *Bey v. I.B.E.W. Local Union No. 3*, Slip Copy, 2008 WL 821862 ***26-27 (SDNY 2008), as follows:

> Though plaintiff's request is not as specific as it might be, we find that it functions as an affidavit for purposes of the Paddington Partners test, as it apparently requests further discovery at the summary-judgment stage and takes the functional form of an affidavit. Nonetheless, it must also meet the four substantive requirements imposed by the Second Circuit.

> ****27** First, the plaintiff must assert the nature of the uncompleted discovery. In other words, the party must "identify what facts are sought and how they are to be obtained," which "precludes the party from making purely speculative requests with the hope that beneficial evidence will serendipitously materialize." Am. Home Assurance Co., 418 F.Supp.2d at 547 (italics in original); see also Paddington Partners, 34 F.3d at 1138. To satisfy this requirement, the party must allege the materiality of the facts sought and identify those facts that "are likely to be disclosed during the additional discovery." Am. Home Assurance Co., 418 F.Supp.2d at 547. The second factor, which is closely related, requires that the plaintiff identify how those facts sought are "reasonably expected to create a genuine issue of material fact." Paddington Partners, 34 F.3d at 1138. The purpose of seeking this additional discovery must be to unearth evidence supporting existing claims rather than to find evidence that would lead to (and presumably create a triable issue of fact for) additional, new claims. See Am. Home Assurance Co., 418 F.Supp.2d at 547.
>
> * * * At no time during this statement does he explain how a deposition of the defendant would lead to the uncovering of material facts, or what those facts might be. Thus, plaintiff fails to meet the first requirement. It naturally follows that plaintiff cannot meet the second requirement either: If he does not explain what facts he seeks to uncover in the deposition, he cannot prove that the unspecified factual evidence uncovered in a deposition could create a genuine issue of material fact.

Mr. Choi's declaration does not explain why the Plaintiff has waited more than a year to depose American, especially when the Plaintiff keeps adding additional defendants, apparently not finding any liability among the original defendants still in the action.

Mr. Choi does not say what evidence he expects to obtain from any defendant or witness the Plaintiff wants to depose, which makes it impossible to determine whether the Plaintiff has any factual theory or potential basis for the liability it is attempting to impose on American and the other numerous defendants.

In other words, from the very beginning, starting with the filing of the complaint in May, 2007, the Plaintiff has been on a fishing expedition and so far has found nothing.

This fishing expedition must be brought to an end. It is ensnaring American and other small business defendants in a costly litigation that has no possibility of success. Mr. Choi has not indicated any potential facts which he expects to find when deposing American's 3 employees or any other defendant. It already has a default judgment against the wrongdoer (Peter & Frank of NY, Corp. and should be pursuing its remedies against that former defendant and its officers, shareholders and employees).

### III.

**PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD DENIED AS FRIVOLOUS, AS IS PLAINTIFF'S OPPOSITION TO AMERICAN'S MOTIONS**

Plaintiff, as a knee-jerk action to the first opposing motion made since the action was commenced in May, 2007, has requested attorneys' fees against American and its counsel.

There is no sanctionable conduct by American or its counsel. Plaintiff has demonstrated that the Plaintiff should be required to post a bond, and that Plaintiff has no case against American.

The sanctionable conduct arises through Plaintiff's making of a frivolous motion for sanctions, and a frivolous opposition to American's motion for summary judgment.

Plaintiff makes no showing why there could be any liability imposed on American, admits there is no case, and does not spell out what evidence it believes it might obtain to make a case against American.

## CONCLUSION

For the reasons set forth above, American respectfully requests an order (i) granting summary judgment dismissing American from the action; (ii) requiring Plaintiff to post a bond of $500,000 under Local Civil Rule 54.2; and (iii) staying all further proceedings in this action until the Plaintiff posts the bond in an amount to be determined by the Court.

**Dated:**   **New York, New York**
           **September 9, 2008**

 

_____
**Carl E. Person   (CP  7637)**
**Attorney for Defendant, American**
   **International Line, Inc. (also sued herein**
   **under its trade name "Mercury")**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

### CERTIFICATE OF SERVICE

It is hereby certified that on September 9, 2008 a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW BY AMERICAN INTERNATIONAL LINE, INC. IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; POSTING OF A BOND BY PLAINTIFF UNDER LOCAL CIVIL RULE 54.2; AND A STAY OF PROCEEDINGS PENDING DECISION ON THIS MOTION** (the "Document") was served on the respective attorneys for the Plaintiff and Co-Defendants by causing the same to be delivered by first class mail, postage pre-paid to:

| | |
|---|---|
| Chull S. Park, Esq.        [Pltf]<br>Hyun Suk Choi, Esq.<br>The Park Law Group, LLC<br>23 S. Warren Street - 2nd Floor<br>Trenton NJ  08608 | Jeffrey S. Stephens, Esq. [Westy]<br>Jeffrey S. Stephens, P.C.<br>14 Duncan Drive<br>Greenwich CT  06831 |
| Hendrick Vandamme, Esq.  [Stop&Stor]<br>Patrick Joseph Maloney, Esq.<br>Law Offices of Harvey & Vandamme<br>90 Broad Street – Suite 2202<br>New York NY  10004 | John Cooper Lane, Esq.  [Korea]<br>Law Offices of John C. Lane<br>191 Godwin Avenue<br>Wyckoff NJ 07481 |
| David Yita Loh, Esq. [Hong, incl Hong's CrossCl]<br>Cozen O'Connor<br>45 Broadway Atrium – Suite 1600<br>New York NY  10006 | Peter Caccamo-Bobchin, Esq. [Westy]<br>Law Offices of John C. Lane<br>140 Broadway – 46th Fl. PMB46103<br>New York NY  10005 |
| Henry P. Gonzalez, Esq.  [GFA]<br>Rodriguez O'Donnell Gonzalez & Williams, P.C.<br>1211 Connecticut Avenue, N.W. – Suite 800<br>Washington DC  20036 | |

**Dated:   September 9, 2008**

_____
**Carl E. Person (CP 7637)**